1   CHRIS A. HOLLINGER (S.B. #147637)
    CHRISTOPHER T. SCANLAN (S.B. #211724)
2   O'MELVENY & MYERS LLP
    275 Battery Street, 26th Floor
3   San Francisco, CA  94111-3305
    Telephone:   (415) 984-8700
4   Facsimile:   (415) 984-8701

5   FRAMROZE M. VIRJEE (S.B. #120401)
    ADAM P. KOHSWEENEY (S.B. #229983)
6   O'MELVENY & MYERS LLP
    400 South Hope Street
7   Los Angeles, CA  90071-2899
    Telephone:   (213) 430-6000
8   Facsimile:   (213) 430-6407

9   Attorneys for Defendant
    UBS FINANCIAL SERVICES INC.
10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14   JEFF BOWMAN, Individually And On      Case No.
     Behalf Of All Others Similarly Situated,
15                                          **C 04       3525**
                        Plaintiff,          **NOTICE OF REMOVAL; RULE 3-16
16                                          CERTIFICATION OF INTERESTED
                v.                          ENTITIES OR PERSONS**
17
     UBS FINANCIAL SERVICES INC.,
18   And DOES 1 Through 50, Inclusive,

19                       Defendants.

20

21       **TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT**

22   **FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

23           PLEASE TAKE NOTICE that defendant UBS Financial Services Inc.

24   ("UBSFS") hereby removes to this Court the state court action described below.

25                   **DESCRIPTION OF ACTION**

26       1.      This removal involves an action that was commenced in the Superior

27   Court of the State of California in and for the County of Alameda, styled *Jeff Bowman v.*

28   *UBS Financial Services, Inc., et al.*, Case Number RG04163482.  A true and correct copy

1  of the Complaint in this case is attached as Exhibit A. UBSFS filed its Answer in said

2  action on August 23, 2004. A true and correct copy of the Answer is attached as

3  Exhibit B. All other documents in the Superior Court's file are attached as Exhibit C. No

4  other pleadings or orders have been served on UBSFS.

5  **SERVICE AND TIMELY REMOVAL**

6       2.      UBSFS was served with the Complaint in this action on July 26,

7  2004. UBSFS has not secured the assent of the "Doe" Defendants before removing this

8  action to this Court because UBSFS does not know the identity of the "Doe" Defendants

9  and has no reason to believe that any of them have been properly served or voluntarily

10  appeared in this action.

11  **JURISDICTION AND BASIS FOR REMOVAL**

12       3.      In this lawsuit, plaintiff Jeff Bowman ("Plaintiff") purports to state

13  six causes of action, seeking redress for various alleged violations of the federal Fair

14  Labor Standards Act of 1938 ("the FLSA"), 29 U.S.C. §§ 201 *et seq.*, Section 17200 of

15  the California Business and Professions Code, and the California Labor Code.

16       4.      For his first cause of action, Plaintiff seeks relief, purportedly

17  pursuant to Section 17200 of the California Business and Professions Code, for UBSFS's

18  alleged failure to comply with its purported obligation to pay him weekly overtime under

19  Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1). (Complaint ("Compl."), attached

20  hereto as Exhibit A, ¶¶ 12-13.) The first cause of action does not allege that any of

21  UBSFS's conduct is independently unlawful under California substantive law, and

22  expressly relies on the alleged violation of several provisions of federal substantive law,

23  including 29 U.S.C. § 207(i), 29 C.F.R. § 779.316, and 29 C.F.R. § 779.317, while

24  making literally no reference to California substantive law. (Ex. A, ¶ 12.)

25       5.      A necessary – indeed, the <u>only</u> – element of Plaintiff's first cause of

26  action is a question of federal law: namely, whether UBSFS has violated the FLSA's

27  overtime pay requirements.

28

2

1        6.     The federal question in Plaintiff's first cause of action is

2  "substantial," because the vindication of the purported state law right embodied in

3  California Business and Professions Code Section 17200 "necessarily turn(s) on some

4  construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*,

5  478 U.S. 804, 808 (1986). Moreover, claims under the FLSA are clearly within a class of

6  cases "for which jurisdiction would serve congressional purposes and the federal system."

7  *Id.* at 814. Indeed, an employer's obligations under the FLSA may already be enforced

8  through a direct private right of action under federal law. *See* 29 U.S.C. § 216(b)

9  (authorizing awards of unpaid overtime, "liquidated" damages, and attorney's fees). The

10  availability of a direct federal right of action demonstrates that the FLSA issue in this case

11  is a "substantial" federal question "arising under" the laws of the United States. *See id.*

12  (determining presence of "substantial" federal question in state-law tort claim based on

13  availability of private right of action under federal law).

14        7.     The exercise of federal jurisdiction in this case comports with the

15  Ninth Circuit's decision in *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996),

16  where the court decided whether there was federal-question jurisdiction over a plaintiff's

17  state-law claim of wrongful discharge in violation of the public policy against religious

18  discrimination. In *Rains*, the plaintiff's public policy claim expressly relied on Title VII

19  of the federal Civil Rights Act of 1964 *and* the California Fair Employment and Housing

20  Act, both of which independently prohibit religious discrimination in employment. The

21  court held that the existence of these "alternative and independent theories" of liability

22  (federal or state civil rights law) precluded a finding that the federal question was

23  "substantial." *Rains*, 80 F.3d at 346. The Ninth Circuit expressly disclaimed considering

24  broader jurisdictional issues relating to the presence of federal-law questions in state-law

25  claims. *See id.* at 345 n.7.

26        8.     Because the federal question necessarily presented by Plaintiff's first

27  cause of action is "substantial," *Franchise Tax Bd. v. Construction Laborers Vacation*

28  *Trust*, 463 U.S. 1, 13 (1983), Plaintiff's first cause of action states a claim "arising under

1  the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Plaintiff's

2  lawsuit is thus properly removed to this Court pursuant to the provisions of 28 U.S.C.

3  § 1441(b).

4         9.    Plaintiff's remaining causes of action are claims over which this

5  Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a),

6  because they form part of the same case or controversy as the claims over which this

7  Court would have original jurisdiction.

8  **INTRADISTRICT VENUE**

9         10.    Intradistrict venue is appropriate in the San Francisco or Oakland

10  Division of this Court, as assigned by the Clerk, because this action is removed from the

11  Superior Court of the State of California in and for the County of Alameda.

12        Dated: August 24, 2004.          O'MELVENY & MYERS LLP

13                                              FRAMROZE M. VIRJEE
                                            CHRIS A. HOLLINGER

14                                              ADAM P. KOHSWEENEY
                                            CHRISTOPHER T. SCANLAN

15

16                                      By: _Chris Hollinger_

17                                          Chris A. Hollinger
                                    Attorneys for Defendant

18                                        UBS FINANCIAL SERVICES INC.

19

20

21

22

23

24

25

26

27

28

## RULE 3-16 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

UBSFS is wholly owned by UBS Americas Inc., which in turn is wholly owned by UBS AG, shares of which are listed on the SWX Swiss Exchange, the New York Stock Exchange and on the Tokyo Stock Exchange

Dated: August 24, 2004.

O'MELVENY & MYERS LLP
FRAMROZE M. VIRJEE
CHRIS A. HOLLINGER
ADAM P. KOHSWEENEY
CHRISTOPHER T. SCANLAN


By: _Chris Hollinger_
Chris A. Hollinger
Attorneys for Defendant
UBS FINANCIAL SERVICES INC.

SF1:558651.1

5

**EXHIBIT A**

Jun-30-04 02:06pm   From-DOSTART CLAPP & COVENEY LLP                    +                   T-300

*3235031*

JAMES F. CLAPP (145814)
J. KIRK DONNELLY (179401)
MARITA MURPHY LAUINGER (199242)
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Dr. Ste. 970
San Diego, CA 92122
Tel. (858) 623-4200
Fax. (858) 623-4299

MARK R. THIERMAN (72913)
THIERMAN LAW FIRM P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

Attorneys for Plaintiff

**FILED**
ALAMEDA COUNTY

JUN 3 0 2004

CLERK OF THE SUPERIOR COURT
By_____
                                    Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

JEFF BOWMAN, individually, and on behalf
of all others similarly situated,

                    Plaintiff

vs.

UBS FINANCIAL SERVICES, INC., and
DOES 1 through 50, inclusive,

                    Defendants.

) CASE NO. RG04 163482
)
) CLASS ACTION COMPLAINT FOR:
)
) 1. Restitution of Overtime Wages (B&P 17200)
) 2. Restitution of Overtime Wages (B&P 17200)
) 3. Restitution of Wage Deductions (B&P 17200)
) 4. Labor Code Penalties (Lab. Code 2699)
) 5. Waiting Time Penalties (Lab. Code 203)
) 6. Rest and Meal Breaks (Lab. Code 226.7)
)

# File by Fax

## GENERAL ALLEGATIONS

1.     Plaintiff JEFF BOWMAN is an individual residing in the State of California.

2.     Defendant UBS FINANCIAL SERVICES, INC. is an entity of unknown form and origin doing business in this judicial district.

3.     Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 50 but will amend this complaint when that information becomes known. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including the DOE defendants, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each

1

Class Action Complaint

1  of the other defendants, and in engaging in the conduct alleged herein, was acting in the course and scope

2  of, and in furtherance of, such relationship.  Unless otherwise specified,  plaintiff will refer to all

3  defendants collectively as "defendant," and each allegation pertains to each defendant.

4         4.    Venue is proper in this judicial district because defendant does business in this

5  judicial district and has failed to designate with the Secretary of State a principal office in California.

6                          CLASS ACTION ALLEGATIONS

7         5.    Class Definition.  Plaintiff worked for as a securities broker. Plaintiff seeks to

8  bring this lawsuit as a class action pursuant to Code of Civil Procedure section 382. The class that

9  plaintiff seeks to represent is defined as follows: "All individuals who were employed by defendant as

10 securities brokers or broker trainees in the State of California at any time during the period commencing

11 on the date that is four years preceding the filing of the original complaint through the present date (the

12 'Class Period')." Plaintiff further seeks to subdivide the class into the following subclasses:

13        A.    "Subclass A" consists of all class members who were paid on a

14 commission-only basis and, during the Class Period, worked more than 40 hours in a week, but did not

15 receive overtime pay.

16        B.    "Subclass B" consists of all class members were paid by salary (including

17 salary plus commission or salary plus bonus) and, during the Class Period, worked more than 40 hours

18 in a week or 8 hours in a day, but did not receive overtime pay.

19        C.    "Subclass C" consists of all class members who, during the Class Period,

20 were subject to at least one deduction from commissions or other wages, which deduction was not the

21 result of a dishonest, willful, or grossly negligent act by the employee.

22        D.    "Subclass D" consists of all members of Subclass A, Subclass B, and/or

23 Subclass C who, as of the date this lawsuit was filed, were no longer employed by defendant.

24        6.    Ascertainable Class.   The proposed class and each subclass are ascertainable in

25 that their members can be identified and located using information contained in defendant's payroll and

26 personnel records.

27        7.    Common Questions of Fact or Law.   This lawsuit is suitable for class treatment

28 because common questions of fact and law predominate over individual issues.  Common questions

2

Class Action Complaint

1    include, but are not limited to, the following: (1) whether the class members qualify for exempt status

2    under the inside salesperson exemption; (2) whether the class members qualify for exempt status under

3    the administrative exemption; (3) whether defendant's business qualifies as a "retail or service

4    establishment"; (4) the extent to which defendant analyzed the duties and responsibilities of the class

5    members before classifying them as exempt; (5) the number of hours per week and per day class

6    members are expected to work; (6) defendant's expectations as to the duties and responsibilities of the

7    class members, and whether these expectations are reasonable under the circumstances; (7) defendant's

8    policies and procedures for deducting from the commissions or other wages of class members; (8)

9    whether defendant's withholding of overtime pay and deduction from wages was willful under the

10    meaning of Labor Code section 203; and (9) whether the class members are entitled to civil penalties

11    under Labor Code sections 2699.

12         8.    <u>Numerosity</u>.    The plaintiff class is so numerous that the individual joinder of all

13    members is impractical under the circumstances of this case. While the exact number of class members

14    is unknown to plaintiff at this time, plaintiff is informed and believes that the entire class consists of well

15    over 300 members, and each subclass consists of at least 100 members.

16         9.    <u>Typicality and Adequacy</u>. Plaintiff's claims are typical of the claims of the class

17    members. Plaintiff suffered a similar injury as the other class members as a result of defendant's

18    common practices regarding the payment of wages. In addition, plaintiff will fairly and adequately

19    protect the interests of the members of the class. Plaintiff has no interests that are adverse to the interests

20    of the other class members.

21         10.    <u>Superiority</u>. A class action is superior to other available means for the fair and

22    efficient adjudication of this controversy since individual joinder of all members of the class is

23    impractical. Class action treatment will permit a large number of similarly situated persons to prosecute

24    their common claims in a single forum simultaneously, efficiently, and without the unnecessary

25    duplication of effort and expense that numerous individual actions would engender. Furthermore, as the

26    damages suffered by each individual member of the class may be relatively small, the expenses and

27    burden of individual litigation would make it difficult or impossible for individual members of the class

28    to redress the wrongs done to them, while an important public interest will be served by addressing the

3

1  matter as a class action.  The cost to the court system of adjudication of such individualized litigation

2  would be substantial.  Individualized litigation would also present the potential for inconsistent or

3  contradictory judgments.  Finally, the alternative of filing a claim with the California Labor

4  Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are

5  fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

6                              FIRST CAUSE OF ACTION

7                    (Restitution of Overtime Wages – On Behalf of Subclass A)

8            11.     Plaintiff incorporates the allegations contained in paragraphs 1 through 10.

9            12.     The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA"), states that an

10  employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours

11  worked in excess of 40 per week.  Subclass A members regularly work more than 40 hours per week,

12  but are not paid overtime.  Subclass A members are not "exempt" under the FLSA, because, *inter alia*,

13  they are not paid on a salary basis, and defendant's business does not qualify as a "retail or service

14  establishment" under 29 U.S.C. section 207(i) and 29 C.F.R. sections 779.316 and 779.317.

15            13.     Defendant has committed an act of unfair competition by not paying the required

16  overtime pay to the members of Subclass A.

17            14.     Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring

18  defendant to make restitution of all overtime wages due to Subclass A, in an amount to be proved at trial.

19                              SECOND CAUSE OF ACTION

20                    (Restitution of Overtime Wages – On Behalf of Subclass B)

21            15.     Plaintiff incorporates the allegations contained in paragraphs 1 through 14.

22            16.     Wage Order 4-2001, 8 C.C.R. section 11040, states that an employee must be paid

23  overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per

24  week or 8 per day.  Subclass B members regularly work more than 40 hours per week and/or 8 per day,

25  but are not paid overtime.  Subclass B members are not exempt because, *inter alia*, they are production

26  workers, they do not spend a majority of their time on exempt tasks, and they do not customarily and

27  regularly exercise discretion and independent judgment in matters of consequence to defendant's

28  business.

4

1        17.    Defendant has committed an act of unfair competition by not paying the required

2    overtime pay to the members of Subclass B.

3        18.    Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring

4    defendant to make restitution of all overtime wages due to Subclass B, in an amount to be proved at trial.

5    THIRD CAUSE OF ACTION

6    (Restitution of Wage Deductions – On Behalf of Subclass C)

7        19.    Plaintiff incorporates the allegations contained in paragraphs 1 through 18.

8        20.    Labor Code sections 221, 400-410, and 2802, as well as various California

9    Supreme Court and appellate court decisions, generally state that an employer may not deduct from or

10   reduce an employee's wages for the purpose of shifting the employer's ordinary cost of doing business

11   to the employee.

12       21.    Defendant has subjected the members of Subclass C to illegal deductions from

13   wages, which deductions were not the result of dishonest, willful, or grossly negligent acts by those

14   employees, but instead were ordinary costs of doing business.

15       22.    Defendant has committed an act of unfair competition by illegally deducting from

16   the wages of Subclass C.

17       23.    Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring

18   defendant to make restitution of all unpaid wages due to Subclass C, in an amount to be proved at trial.

19   FOURTH CAUSE OF ACTION

20   (Labor Code Penalties – By and On Behalf of All Subclasses)

21       24.    Plaintiff incorporates the allegations contained in paragraphs 1 through 23.

22       25.    Plaintiff is an "aggrieved employee" and seeks to recover penalties on behalf of

23   the members of Subclasses A, B, and C pursuant to the "Labor Code Private Attorneys General Act of

24   2004," Labor Code section 2698-99.

25       26.    Plaintiff seeks recovery of the following penalties:

26       A.    Labor Code section 203 penalties, because defendant has failed to pay the

27   members of Subclass D all wages they were due under the deadlines set forth in Labor Code sections

28   201 and 202;

5

---

Class Action Complaint

1          B.     Labor Code section 210 penalties, because defendant has failed to pay the

2 members of Subclasses A, B, and C all wages that were due as of the deadlines set forth in Labor Code

3 section 204;

4          C.     Labor Code section 226.3 penalties, because defendant has failed to

5 provide the members of Subclasses A, B, and C with proper wage statements pursuant to Labor Code

6 section 226;

7          D.     Labor Code section 558 penalties, because defendant has violated, or has

8 caused to be violated, Labor Code sections 510 and 512, as well as the provisions regulating hours and

9 days of work in Wage Order 4-2001, with respect to the members of Subclasses A and B; and

10          E.     Labor Code section 1174.5 penalties, because defendant has failed to

11 maintain records showing the daily hours worked by the members of Subclasses A and B, in violation

12 of Labor Code section 1174(d).

13 FIFTH CAUSE OF ACTION

14 (Waiting Time Penalties – By and On Behalf of Subclass D)

15          27.    Plaintiff incorporates the allegations contained in paragraphs 1 through 26.

16          28.    Defendant willfully and intentionally failed to pay plaintiff and the other

17 Subclass D members all of the wages they were due by the deadlines imposed under Labor Code sections

18 201 and 202. Accordingly, plaintiff and the Subclass D class members are entitled to waiting time

19 penalties of up to 30 days' pay, in an amount to be proved at trial.

20 SIXTH CAUSE OF ACTION

21 (Rest and Meal Breaks – By and On Behalf of Subclasses A and B)

22          29.    Plaintiff incorporates the allegations contained in paragraphs 1 through 28.

23          30.    Because defendant treated plaintiff and the members of Subclasses A and B as

24 exempt when they were really non-exempt, defendant failed to provide these individuals with all of their

25 required rest and meal breaks. As a result, under Labor Code section 226.7, plaintiff and the members

26 of Subclasses A and B are entitled to one additional hour's pay for each day a rest or meal break was

27 missed, in an amount to be proved at trial.

28 /////

6

Class Action Complaint

<u>PRAYER</u>

WHEREFORE, plaintiff prays for judgment against each defendant, jointly and severally, as follows:

      1.     For compensatory damages according to proof;

      2.     For an order requiring defendant to make restitution of all wages, including overtime wages, that were illegally withheld;

      3.     For interest according to proof;

      4.     For penalties as alleged herein;

      5.     For reasonable attorney's fees; and

      6.     For such other relief that the Court deems just and proper.

Dated: __6/30/04__

                              DOSTART CLAPP & COVENEY, LLP

                              JAMES F. CLAPP
                              Attorney for Plaintiff

7

Class Action Complaint

**EXHIBIT B**

ENDORSED
FILED
ALAMEDA COUNTY

AUG 2 3 2004

ARTHUR SIMS, Exec. Off./Clerk
By Yasmin Reddy

1 | CHRIS A. HOLLINGER (S.B. #147637)
CHRISTOPHER T. SCANLAN (S.B. #211724)
2 | O'MELVENY & MYERS LLP
275 Battery Street, 26th Floor
3 | San Francisco, CA 94111-3305
Telephone: (415) 984-8700
4 | Facsimile: (415) 984-8701

5 | FRAMROZE M. VIRJEE (S.B. #120401)
ADAM P. KOHSWEENEY (S.B. #229983)
6 | O'MELVENY & MYERS LLP
400 South Hope Street
7 | Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
8 | Facsimile: (213) 430-6407

9 | Attorneys for Defendant
UBS FINANCIAL SERVICES INC.

10

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **COUNTY OF ALAMEDA**

13

14 |

15 | JEFF BOWMAN, Individually And On Behalf Of All Others Similarly Situated,     Case No. RG04163482

16 |      Plaintiff,     **DEFENDANT UBS FINANCIAL SERVICES INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

17 | v.

18 | UBS FINANCIAL SERVICES INC., And DOES 1 Through 50, Inclusive,

19 |      Defendants.

20

21

22 |      Defendant UBS Financial Services Inc. ("UBSFS"), for itself alone and for no

23 | other defendant, answers the unverified complaint herein (the "Complaint") as follows:

24 |      Pursuant to the provisions of Section 431.30 of the California Code of Civil

25 | Procedure, UBSFS denies each and every, all and singular, allegations of the Complaint

26 | and also denies that Plaintiff or any members of any subclass defined in the Complaint

27 | were damaged in the sum or sums alleged or in any sum at all. UBSFS further

28

---

DEFENDANT UBSFS'S ANSWER TO COMPLAINT

specifically denies that any of the claims alleged by Plaintiff in the Complaint may properly be adjudicated on a class-action basis.

AS AND FOR ITS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST IT BY PLAINTIFF ON HIS OWN BEHALF, AND ON BEHALF OF THE PUTATIVE MEMBERS OF EACH PURPORTED SUBCLASS DEFINED IN THE COMPLAINT, UBSFS ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

Failure to State a Cause of Action

Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of each purported subclass defined in the Complaint, fail to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Arbitration

Plaintiff's claims, and the claims of each putative member of each purported subclass defined in the Complaint, may not be litigated in court because those claims are subject to mandatory, final, and binding arbitration.

### THIRD AFFIRMATIVE DEFENSE

Statute of Limitations

Plaintiff's claims, and the claims of the putative members of each purported subclass defined in the Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations, including without limitation, the statute of limitations for claims under the Fair Labor Standards Act, 29 U.S.C. §§ 200 *et seq.*, and the limitations periods prescribed in Sections 338 and 340 of the California Code of Civil Procedure.

2

1

## FOURTH AFFIRMATIVE DEFENSE

2

### No Class Action

3   Plaintiff's claims, and each of them, cannot and should not be maintained on a

4   class-action basis because those claims, and each of them, fail to meet the necessary

5   requirements for class certification, including, *inter alia*, typicality, commonality,

6   numerosity, superiority, and adequacy of the class representative.

7

## FIFTH AFFIRMATIVE DEFENSE

8

### Unconstitutional Class Action

9   Certification of a class action under the circumstances of this case would violate

10   UBSFS's rights under the United States Constitution and the California Constitution.

11

## SIXTH AFFIRMATIVE DEFENSE

12

### No Standing

13   Plaintiff's claims, and each of them, are barred in whole or in part because Plaintiff

14   lacks standing.

15

## SEVENTH AFFIRMATIVE DEFENSE

16

### Preemption

17   Plaintiff's first cause of action, brought on behalf of himself and the putative

18   members of purported subclass A defined in the Complaint, is pre-empted by the federal

19   Fair Labor Standards Act ("FLSA") in that the application of California law to an alleged

20   violation of the FLSA would impermissibly frustrate and undermine the remedial

21   framework adopted by Congress for alleged violations of the FLSA, because:

22   (i) Congress has mandated an opt-in collective action procedure for claims under the

23   FLSA, whereas Plaintiff seeks to litigate his first cause of action as an opt-out class action

24   pursuant to the California Civil Procedure Code; and (ii) Congress has prescribed a two-

25   year statute of limitations for violation of the FLSA, whereas Plaintiff seeks to apply a

26   four-year statute of limitations under the California Business and Professions Code

27   §§ 17200 *et seq*.

28

3

## EIGHTH AFFIRMATIVE DEFENSE

### Overtime Exemption

Plaintiff's claims, brought on behalf of himself and the putative members of each purported subclass defined in the Complaint, or some of them, are barred because Plaintiff and the putative subclass members were at all relevant times exempt from the overtime pay requirements of federal and California law pursuant to the overtime exemptions for, *inter alia*, "white collar" and/or commissioned sales employees.

## NINTH AFFIRMATIVE DEFENSE

### Invalid Regulations

The regulations and/or administrative interpretations, which form the basis of some or all of Plaintiff's claims (brought on behalf of himself and the putative members of each purported subclass defined in the Complaint), including, without limitation, 29 C.F.R. §§ 779.316 and 779.317, are invalid.

## TENTH AFFIRMATIVE DEFENSE

### Authorized Deductions

Plaintiff's third cause of action, brought on behalf of himself and the putative members of purported subclass C defined in the Complaint, is barred in whole or in part because the alleged deductions were authorized in writing or otherwise by the employee(s) in question and did not amount to a rebate or deduction from the standard wage under a wage agreement or statute. *See* Cal. Lab. Code § 224.

## ELEVENTH AFFIRMATIVE DEFENSE

### Failure to Exhaust Pre-Suit Administrative Requirements

Plaintiff's fourth cause of action, brought on behalf of himself and the putative members of some or all of the purported subclasses defined in the Complaint, is barred because Plaintiff has failed to give timely and sufficient notice of the alleged statutory violations to the California Labor and Workforce Development Agency and to UBSFS, as required by California Labor Code Section 2699, as amended by Senate Bill 1809.

4

DEFENDANT UBSFS'S ANSWER TO COMPLAINT

1

## TWELFTH AFFIRMATIVE DEFENSE

2

### Unjust, Arbitrary and Oppressive, or Confiscatory Penalties

3    Plaintiff (on his own behalf and/or on behalf of any putative member of any of the

4    purported subclasses defined in the Complaint) is not entitled to recover any civil

5    penalties pursuant to Plaintiff's fourth cause of action because, under the circumstances of

6    this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory,

7    within the meaning of California Labor Code Section 2699, as amended by Senate

8    Bill 1809.

9

## THIRTEENTH AFFIRMATIVE DEFENSE

10

### Excessive Fines

11    To the extent Plaintiff's fourth cause of action, brought on behalf of himself and/or

12    the putative members of some or all of the purported subclasses defined in the Complaint,

13    is governed by the version of California Labor Code Section 2699 in effect prior to

14    enactment of Senate Bill 1809, although UBSFS specifically denies that it would be

15    appropriate for the law to be applied in such a manner, an award of civil penalties under

16    the circumstances of this case would constitute an excessive fine and otherwise would be

17    in violation of UBSFS's due process and other rights under the United States and

18    California Constitutions.

19

## FOURTEENTH AFFIRMATIVE DEFENSE

20

### Unconstitutional Unfair Business Practices Claims

21    To the extent the Court declines to certify a class under the California Civil

22    Procedure Code with respect to Plaintiff's first, second and third causes of action, then

23    maintenance of those claims as "representative" actions under the California Business and

24    Professions Code would violate the Due Process Clause of the California and United

25    States Constitutions by authorizing actions to be brought on behalf of a class without

26    requiring class certification of persons allegedly injured by the challenged act or practice.

27    Moreover, any finding of liability pursuant to the California Business and Professions

28    Code would violate the Due Process Clause of the United States and California

5

---

1   Constitutions because, *inter alia*, the standards of liability under the Business and

2   Professions Code are unduly vague and subjective, and permit retroactive, random,

3   arbitrary and capricious punishment that serves no legitimate governmental interest.

4   Finally, any award of restitution under the California Business and Professions Code

5   would violate the Excessive Fines and Due Process Clauses of the United States and

6   California Constitutions.

7               **FIFTEENTH AFFIRMATIVE DEFENSE**

8                   Estoppel

9       Plaintiff's claims, and the claims of each putative member of each purported

10  subclass defined in the Complaint, or some of them, are barred in whole or in part because

11  Plaintiff and the putative class members are estopped by their own conduct to claim any

12  right to damages or other monetary relief from UBSFS.

13             **SIXTEENTH AFFIRMATIVE DEFENSE**

14                Unclean Hands

15      Plaintiff's claims, and the claims of each putative member of each purported

16  subclass defined in the Complaint, or some of them, are barred in whole or in part by

17  Plaintiff's and the putative class members' unclean hands and/or inequitable or wrongful

18  conduct.

19           **SEVENTEENTH AFFIRMATIVE DEFENSE**

20      Conduct Reasonable And In Good Faith/Not Willful

21      Plaintiff's claims, and the claims of each putative member of each purported

22  subclass defined in the Complaint, or some of them, are barred in whole or in part because

23  UBSFS has at all times acted in good faith, in conformity with and in reliance on written

24  administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of

25  federal and California agencies, and on the basis of a good-faith and reasonable belief that

26  it had complied fully with California and federal wage and hour laws.

27

28

DEFENDANT UBSFS'S ANSWER TO COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Waiver

Plaintiff's claims, and the claims of each putative member of each purported subclass defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## NINETEENTH AFFIRMATIVE DEFENSE

### Accord And Satisfaction, Payment

Plaintiff's claims, and the claims of each putative member of each purported subclass defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## TWENTIETH AFFIRMATIVE DEFENSE

### Release

Plaintiff's claims, and the claims of each putative member of each purported subclass defined in the Complaint, or some of them, are barred in whole or in part because said claims have been released by the employee(s) in question.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Setoff and Recoupment

If any damages have been sustained by Plaintiff, or by any putative members of any purported subclass defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, UBSFS is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative class members owed to UBSFS against any judgment that may be entered against UBSFS.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### No Jury Trial

Plaintiff is not entitled to have equitable issues or matters of law tried to a jury, and Plaintiff's demand for a jury trial (if any) should be so limited.

7

1    WHEREFORE, Defendant UBS Financial Services Inc. prays as follows:

2         1.      That the Complaint and each cause of action therein be dismissed with

3    prejudice;

4         2.      That Plaintiff take nothing by way of the Complaint;

5         3.      That UBSFS be awarded costs of suit and attorney's fees herein; and

6         4.      That the Court order such other and further relief for UBSFS as the Court

7    may deem just and proper.

8

9

         Dated:   August 23, 2004.                    O'MELVENY & MYERS LLP
10                                                     FRAMROZE M. VIRJEE
                                                       CHRIS A. HOLLINGER
11                                                     ADAM P. KOHSWEENEY
                                                       CHRISTOPHER T. SCANLAN
12

13

14                                                     By: _Chris Hollinger_
15                                                         Chris A. Hollinger
                                                       Attorneys for Defendant
16                                                     UBS FINANCIAL SERVICES INC.

17

18   SF1:558083.2

19

20

21

22

23

24

25

26

27

28

                                           8

─────────────────────────────────────────────────────────────
                 DEFENDANT UBSFS'S ANSWER TO COMPLAINT

1

**PROOF OF SERVICE BY MAIL**

2          I am over the age of eighteen years and not a party to the within action.  I

3    am a resident of or employed in the county where the service described below occurred.

4    My business address is 275 Battery Street, 26th Floor, San Francisco, CA 94111.  I am

5    readily familiar with this firm's practice for collection and processing of correspondence

6    for mailing with the United States Postal Service.  In the ordinary course of business,

7    correspondence collected from me would be processed on the same day, with postage

8    thereon fully prepaid and placed for deposit that day with the United States Postal Service.

9    On August 23, 2004 I served the following:

10         **Defendant UBS Financial Services Inc.'s Answer to Plaintiff's**
11         **Unverified Complaint**

12   by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid,

13   and placing the envelope for collection and mailing today with the United States Postal

14   Service in accordance with the firm's ordinary business practices, addressed as follows:

15
16   James F. Clapp, Esq.                    Mark R. Thierman, Esq.
     J. Kirk Donnelly, Esq.                  Thierman Law Firm P.C.
     Marita Murphy Lauinger, Esq.            7287 Lakeside Drive
17   Dostart Clapp & Coveney, LLP            Reno, NV  89511
     4370 La Jolla Village Drive, Ste 970
18   San Diego, CA  92122

19

20         I declare under penalty of perjury under the laws of the State of California

21   that the above is true and correct.  Executed on August 23, 2004, at San Francisco,

22   California.

23

24

25                                          _____
                                            Jill Hernandez

26
     SF1:557306.2
27

28

_____

PROOF OF SERVICE

**EXHIBIT C**

\*3235027\*

Jun-30-04  02:05pm  From-DOSTART CLAPP & COVENEY LLP

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address)*
James F. Clapp (145814)
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Dr., Ste. 970
San Diego, CA 92122
TELEPHONE NO  858-623-4200    FAX NO  858-623-4299
**ATTORNEY FOR** *(Name)*  Plaintiff BOWMAN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS 1225 Fallon St.
MAILING ADDRESS
CITY AND ZIP CODE Oakland, CA 94612
BRANCH NAME René C. Davidson Alameda County Courthouse

**CASE NAME:** BOWMAN v. UBS

FOR COURT

**F I L E D**
ALAMEDA COUNTY
JUN 3 0 2004
CLERK OF THE SUPERIOR COURT
By _____ Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER RG04163482 |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE<br><br>DEPT |

**File by Fax**

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* six (6)
5. This case [X] is  [ ] is not  a class action suit.
Date: 6/29/2004

James F. Clapp (145814)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]
**CIVIL CASE COVER SHEET**
Legal Solutions Plus
Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 18
Page 1 of 2

ORIGINAL

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check all five items on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice—
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*.

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item, otherwise,
    report as Commercial or
    Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
        Case Matter
    Writ—Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
        Commissioner Appeals

**Provisionally Complex Civil
Litigation (Cal. Rules of Court Rule
1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Toxic Tort/Environmental (30)
Insurance Coverage Claims
    *(arising from provisionally
    complex case type listed above)*
    (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Tax
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)*
    (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

```
┌  Dostart Clapp & Coveney, LLP       ┐   ┌  UBS Financial Services, Inc.        ┐
   Attn:  Clapp, James C.
   4370 La Jolla Village Drive
   Suite 970
└  San Diego, CA   92122              ┘   └                                     ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Bowman<br><br>                Plaintiff/Petitioner(s)<br>VS.<br><br>UBS Financial Services, Inc.<br>            Defendant/Respondent(s)<br>        (Abbreviated Title) | No. <u>RG04163482</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Complex Determination Hearing<br>Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/06/2004    TIME: 02:00 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
             1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/07/2004    TIME: 01:30 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
             1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 1800 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 operates a tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 07/01/2004                                     Executive Officer / Clerk of the Superior Court

                              By

                                                      _____
                                                                Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 07/01/2004.

                              By

                                                      _____
                                                                Deputy Clerk

1   FRAMROZE M. VIRJEE (S.B. #120401)
    CHRIS A. HOLLINGER (S.B. #147637)
2   ADAM P. KOHSWEENEY (S.B. #229983)
    CHRISTOPHER T. SCANLAN (S.B. #211724)
3   O'MELVENY & MYERS LLP
    275 Battery Street, 26th Floor
4   San Francisco, CA 94111
    Telephone:   (415) 984-8700
5   Facsimile:    (415) 984-8701
6   Attorneys for Defendant
    UBS FINANCIAL SERVICES INC.

7

FILED BY FAX
ALAMEDA COUNTY
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy
CASE NUMBER:
RG04163482

August 05, 2004

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     COUNTY OF ALAMEDA

11

12   JEFF BOWMAN, Individually And On        Case No. RG04164382
     Behalf Of All Others Similar Situated,
13                                           NOTICE OF APPEARANCE BY
               Plaintiff,                    O'MELVENY & MYERS LLP ON
14                                           BEHALF OF DEFENDANT UBS
          v.                                 FINANCIAL SERVICES INC.
15
     UBS FINANCIAL SERVICES, INC.,
16   And DOES 1 Through 50, Inclusive,

17               Defendants.

18          TO:   THE CLERK OF COURT AND ALL PARTIES AND THEIR

19   COUNSEL OF RECORD.

20          PLEASE TAKE NOTICE that the firm of O'Melveny & Myers LLP hereby

21   enters an appearance in the above-entitled matter on behalf of Defendant UBS Financial

22   Services Inc.

23

24

25

26

27

28

NOTICE OF APPEARANCE BY O'MELVENY & MYERS LLP ON BEHALF OF DEFENDANT

Dated: August 5, 2004.

CHRIS A. HOLLINGER
FRAMROZE M. VIRJEE
ADAM P. KOHSWEENEY
CHRISTOPHER T. SCANLAN
O'MELVENY & MYERS LLP

By: _Chris Hollinger_
    Chris A. Hollinger
Attorneys for Defendant
UBS FINANCIAL SERVICES INC.

NY1:557303.1

2

NOTICE OF APPEARANCE BY O'MELVENY & MYERS LLP ON BEHALF OF DEFENDANT

**PROOF OF SERVICE BY MAIL**

1    I am over the age of eighteen years and not a party to the within action.  I
2  am a resident of or employed in the county where the service described below occurred.
3  My business address is 275 Battery Street, 26th Floor, San Francisco, CA 94111.  I am
4  readily familiar with this firm's practice for collection and processing of correspondence
5  for mailing with the United States Postal Service.  In the ordinary course of business,
6  correspondence collected from me would be processed on the same day, with postage
7  thereon fully prepaid and placed for deposit that day with the United States Postal Service.
8  On August 5, 2004 I served the following:
9

10          Notice of Appearance by O'Melveny & Myers LLP on Behalf of Defendant
11          UBS Financial Services Inc.

12  by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid,
13  and placing the envelope for collection and mailing today with the United States Postal
14  Service in accordance with the firm's ordinary business practices, addressed as follows:
15
16    James F. Clapp, Esq.                     Mark R. Thierman, Esq.
      J. Kirk Donnelly, Esq.                   Thierman Law Firm P.C.
17    Marita Murphy Lauinger, Esq.             7287 Lakeside Drive
      Dostart Clapp & Coveney, LLP             Reno, NV 89511
18    4370 La Jolla Village Drive, Ste 970
      San Diego, CA  92122
19

20          I declare under penalty of perjury under the laws of the State of California
21  that the above is true and correct.  Executed on August 5, 2004, at San Francisco,
22  California.
23
24
25                                                        Jill Hernandez
26
27
28

PROOF OF SERVICE

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Chris A. Hollinger (SB# 147637)<br>O'Melveny & Myers LLP<br>275 Battery Street, 26th Floor<br>San Francisco, CA 94111-3355<br><br>TELEPHONE NO.: (415) 984-8906 FAX NO.: (415) 984-8701<br>ATTORNEY FOR (Name): Defendant - UBS Financial Services Inc.<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612-4293<br>BRANCH NAME: | FOR COURT USE ONLY<br><br>FILED BY FAX<br>ALAMEDA COUNTY<br>August 05, 2004<br>CLERK OF<br>THE SUPERIOR COURT<br>By Rosanne Case, Deputy<br>CASE NUMBER:<br>RG04163482 |

| CASE NAME: Bowman v. UBS Financial Services Inc. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>RG04163482 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [x] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | JUDGE: Hon. Ronald Sabraw<br>DEPT.: 22 |

*All five (5) items below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 1800–1812) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[x] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[x] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [x] is [ ] is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:

  a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
  b. [x] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states or countries, or in a federal court
  c. [x] Substantial amount of documentary evidence    f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
  a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [x] is [ ] is not a class action suit.
Date: August 5, 2004

Chris A. Hollinger, Esq. (SB# 147637)
_(TYPE OR PRINT NAME)_                   ▶        _Chris Hollinger_
                                             _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a complex case, this cover sheet shall be used for statistical purposes only.
                                                  Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2003)               **CIVIL CASE COVER SHEET**            Cal. Rules of Court, rules 201.8, 1800-1812;<br>Standards of Judicial Administration, § 19

Legal<br>Solutions<br>Plus

## PROOF OF SERVICE BY MAIL

1   I am over the age of eighteen years and not a party to the within action. I
2   am a resident of or employed in the county where the service described below occurred.
3   My business address is 275 Battery Street, 26th Floor, San Francisco, CA 94111. I am
4   readily familiar with this firm's practice for collection and processing of correspondence
5   for mailing with the United States Postal Service. In the ordinary course of business,
6   correspondence collected from me would be processed on the same day, with postage
7   thereon fully prepaid and placed for deposit that day with the United States Postal Service.
8   On August 5, 2004 I served the following:

9        Civil Case Cover Sheet

10  by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid,
11  and placing the envelope for collection and mailing today with the United States Postal
12  Service in accordance with the firm's ordinary business practices, addressed as follows:

13  James F. Clapp, Esq.                    Mark R. Thierman, Esq.
14  J. Kirk Donnelly, Esq.                  Thierman Law Firm P.C.
15  Marita Murphy Lauinger, Esq.            7287 Lakeside Drive
16  Dostart Clapp & Coveney, LLP            Reno, NV  89511
17  4370 La Jolla Village Drive, Ste 970
18  San Diego, CA  92122

19       I declare under penalty of perjury under the laws of the State of California
20  that the above is true and correct. Executed on August 5, 2004, at San Francisco,
21  California.

22
23
24                                          _____
25                                          Jill Hernandez
26
27
28

PROOF OF SERVICE

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Bowman** | No. RG04163482 |
| Plaintiff/Petitioner(s) | |
| VS. | **Minutes** |
| **UBS Financial Services, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   22                          Honorable   Ronald M. Sabraw          , Judge
Reporter      Teri Rosette CSR#6631

Cause called for: Complex Determination Hearing on August 06, 2004.

Plaintiff Jeff Bowman represented by Mark r. Thierman.
Defendant UBS Financial Services, Inc. represented by Chris A. Hollinger.

Ruling on Complaint - Other Employment Taken Under Submission

Minutes of    08/06/2004
Entered on    08/06/2004

Executive Officer / Clerk of the Superior Court

By   _Charlotte Marin_
                                                    Deputy Clerk

**Minutes**

M1928568

Dostart Clapp & Coveney, LLP
Attn:  Clapp, James C.
4370 La Jolla Village Drive
Suite 970
San Diego, CA   92122

O'Melveny & Myers LLP
Attn:  Hollinger, Chris A.
275 Battery Street, 26th Floor
San Francisco, CA   94111-3355

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Bowman<br><br>                Plaintiff/Petitioner(s)<br><br>VS.<br><br>UBS Financial Services, Inc.<br>              Defendant/Respondent(s)<br>      (Abbreviated Title) | No. <u>RG04163482</u><br><br>Order<br><br>Complaint - Other Employment |

The Complex Determination Hearing filed for Jeff Bowman was set for hearing on 08/06/2004 at 02:00 PM in Department 22 before the Honorable Ronald M. Sabraw.  The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Court does not designate this case as Complex.  The Initial Complex Case Management Conference set for September 7, 2004 at 1:30 p.m. in Department 22 is hereby vacated.  The parties will receive Notice of an Initial Case Management Conference in another civil department.

Dated:  08/06/2004

_____
Judge Ronald M. Sabraw

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  RG04163482
Order After Hearing Re: of 08/06/2004

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 08/09/2004.

Executive Officer / Clerk of the Superior Court

By _Charlotte Marin_ digital

Deputy Clerk



*3323984*

1    JAMES F. CLAPP (145814)
     J. KIRK DONNELLY (179401)
2    MARITA MURPHY LAUINGER (199242)
     DOSTART CLAPP & COVENEY, LLP
3    4370 La Jolla Village Dr. Ste. 970
     San Diego, CA 92122
4    Tel. (858) 623-4200
     Fax. (858) 623-4299
5
     MARK R. THIERMAN (72913)
6    THIERMAN LAW FIRM P.C.
     7287 Lakeside Drive
7    Reno, Nevada 89511
     Tel. (775) 284-1500
8    Fax. (775) 703-5027

9    Attorneys for Plaintiff

10

**FILED**
ALAMEDA COUNTY

AUG 1 6 2004

CLERK OF THE SUPERIOR COURT
By_____*Cassandra King*_____ Deputy

11           SUPERIOR COURT OF THE STATE OF CALIFORNIA

12             IN AND FOR THE COUNTY OF ALAMEDA

13

14    JEFF BOWMAN, individually, and on behalf    )    CASE NO. RG04163482
     of all others similarly situated,             )
15                              )    FILING OF ORIGINAL SUMMONS AND
               Plaintiff             )    PROOF OF SERVICE ON UBS FINANCIAL
16                              )    SERVICES, INC.
17    vs.                                  )
                                 )
18    UBS FINANCIAL SERVICES, INC., and      )
     DOES 1 through 50, inclusive,            )
19                                    )
               Defendants.         )
20                                  )

21

22

23

24

25

26

27

28

1

Filing of Original Summons and Proof of Service on UBS Financial Services, Inc.

Jun-30-04  02:05pm  From-DOSTART CLAPP & COVENEY LLP                     +                        T-300  P.02/12  F-936

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UBS FINANCIAL SERVICES, INC., and DOES 1 through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEFF BOWMAN, individually, and on behalf of all
others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.   Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ALAMEDA COUNTY SUPERIOR COURT
1225 Fallon St.

Oakland, CA 94612
René C. Davidson Alameda County Courthouse

CASE NUMBER
*(Número del Caso)* RG04163482

**File by Fax**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
James F. Clapp (145814)
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Dr., Ste. 970
San Diego, CA 92122

T: 858-623-4200 F: 858-623-4299

DATE:
*(Fecha)*    JUN 3 0 2004

Clerk, by _Dorothy L. Lee_ , Deputy
*(Secretario)*                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DOSTART, CLAPP & COVENEY, LLP<br>ATTORNEYS AT LAW<br>JAMES F. CLAPP - SBN # 145814<br>4370 LA JOLLA VILLAGE DR., STE. 970<br>SAN DIEGO, CA 92122<br>TELEPHONE NO. (858) 623-4200   FAX NO.*(Optional)*(858) 623-4299<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR*(Name)*: PLAINTIFF | |

COURT NAME: ALAMEDA SUPERIOR COURT
STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS: 1225 FALLON STREET
CITY AND ZIP CODE: OAKLAND, CA 94612
BRANCH NAME:

| PLAINTIFF/PETITIONER:   JEFF BOWMAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   UBS FINANCIAL SERVICES, INC. | RGO4163482 |

| PROOF OF SERVICE SUMMONS | Ref No. or File No.<br>0S321089-01 |
|---|---|

*(Separate proof of service is required for each party served)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of the summons and

   a. ☒☒ complaint
   b. ☒☒ Alternative Dispute Resolution (ADR) package
   c. ☒☒ Civil Case Cover Sheet *(served in complex cases only)*
   d. ☐ cross-complaint
   e. ☒☒ other *(specify documents)*:
   NOTICE OF HEARING

3. a. Party served *(specify name of party as shown on documents served)*:
   UBS FINANCIAL SERVICES, INC.

   b. Person served: ☐ party in item 3a   ☒☒ other *(specify name and relationship to the party named in item 3a)*:
   RHONDA MCCARTY/AUTHORIZED,AGENT FOR SERVICE OF PROCESS

4. Address where the party was served:  2730 GATEWAY OAKS DRIVE, #100
   SACRAMENTO, CA 95833

5. I served the party *(check proper box)*

   a. ☒☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized
   to receive service of process for the party   (1) on *(date)*:July 26, 2004   (2) at *(time)*:   10:30 am
   b. ☐ **by substituted service:** On *(date)*:   at *(time)*:   I left the documents listed
   in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
   of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
   place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address is unknown)** a person at least 18 years of age apparently in charge at the usual mailing
   address of the person to be served, other than a United States Postal Service post office box. I informed
   him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
   the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
   *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2004]

**PROOF OF SERVICE SUMMONS**

Page 1 of 2
Code of Civil Procedure,§ 417.10

Client File # NOT PROVIDED

313/0S321089-01

| | |
|---|---|
| PLAINTIFF/PETITIONER:   JEFF BOWMAN | CASE NUMBER: |
| DEFENDANT/RESPONDENT:   UBS FINANCIAL SERVICES, INC. | RG04163482 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

    (1) on *(date)*:            (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The Notice to the Person Served (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify)*:
c. ☒ On behalf of *(specify)*:
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                ☐ other:

7. Person who served papers
a. Name:           TINA BROCKLEY
b. Address:       1424 21st. Street, Sacramento, CA 95814
c. Telephone number:  (916) 441-4396
d. The fee for service was: $    51.12
e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
        (i) ☒ Employee or independent contractor.
        (ii) Registration No.: 2003-69
        (iii) County:     SACRAMENTO

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    OR

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:    July 30, 2004

TINA BROCKLEY
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)                (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2004]        **PROOF OF SERVICE SUMMONS**        Page 2 of 2
Code of Civil Procedure, § 417.10

313/0S321089-01                        Client File # NOT PROVIDED

Dostart Clapp & Coveney, LLP
Attn: Clapp, James C.
4370 La Jolla Village Drive
Suite 970
San Diego, CA   92122

O'Melveny & Myers LLP
Attn: Hollinger, Chris A.
275 Battery Street, 26th Floor
San Francisco, CA   94111-____

## Superior Court of California, County of Alameda

Bowman

**Plaintiff/Petitioner(s)**

vs.

UBS Financial Services, Inc.

**Defendant/Respondent(s)**
(Abbreviated Title)

No. RG04163482

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **10/26/2004**<br>Time: **08:45 AM** | Department: **17**<br>Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland CA 94612**<br><br>Internet: **http://www.co.alameda.ca.us/courts/** | Judge: **George C. Hernandez, Jr.**<br>Clerk: **Hollie M. Adamic**<br>Clerk telephone: **(510) 272-6131**<br>E-mail:<br>**Dept.17@alameda.courts.ca.gov** |

### ORDERS

1. You must:
    a. **Serve all named defendants and file proofs of service** on those defendants with the court within 60 days of the filing of the complaint (CRC 201.7);
    b. **Give notice** of this conference to any party not included in this notice and file proof of service;
    c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(e) no later than 30 calendar days before the date set for the Case Management Conference;
    d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 212(c))

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 227. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Case Management judge will issue orders at the conclusion of the conference that should include:
    a. Referring to ADR and setting an ADR completion date
    b. Dismissing or severing claims or parties
    c. Setting a trial date.

5. The Case Management judge may be the trial judge in this case.

   *Telephonic appearances at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1 (888) 527-7327, or faxing a service request to 1(800) 833-5133. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/18/2004.

By      _Cherye Watkins_ Digital
_____
Deputy Clerk

1

**PROOF OF SERVICE BY MAIL**

2          I am over the age of eighteen years and not a party to the within action.  I

3 am a resident of or employed in the county where the service described below occurred.

4 My business address is 275 Battery Street, 26th Floor, San Francisco, CA 94111.  I am

5 readily familiar with this firm's practice for collection and processing of correspondence

6 for mailing with the United States Postal Service.  In the ordinary course of business,

7 correspondence collected from me would be processed on the same day, with postage

8 thereon fully prepaid and placed for deposit that day with the United States Postal Service.

9 On August 24, 2004 I served the following:

10          **NOTICE OF REMOVAL; RULE 3-16 CERTIFICATION OF**
             **INTERESTED ENTITIES OR PERSONS**
11

12 by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid,

13 and placing the envelope for collection and mailing today with the United States Postal

14 Service in accordance with the firm's ordinary business practices, addressed as follows:

15
             James F. Clapp, Esq.            Mark R. Thierman, Esq.
16           J. Kirk Donnelly, Esq.          Thierman Law Firm P.C.
             Marita Murphy Lauinger, Esq.    7287 Lakeside Drive
17           Dostart Clapp & Coveney, LLP    Reno, NV  89511
             4370 La Jolla Village Drive, Ste 970
18           San Diego, CA  92122

19

20          I declare under penalty of perjury under the laws of the State of California

21 that the above is true and correct.  Executed on August 24, 2004, at San Francisco,

22 California.

23

24                                          _____
25                                                    Jill Hernandez

26
   SF1:557306.3
27

28

PROOF OF SERVICE