UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BOWMAN; and LAUROS REYES aka LARRY REYES, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br>UBS FINANCIAL SERVICES INC., *et al.*,<br><br>                Defendant. | Case No. C-04-03525 MMC<br><br>STIPULATION AND [PROPOSED] ORDER ALLOWING FILING OF SECOND AMENDED COMPLAINT<br><br>Honorable Maxine M. Chesney |

      Plaintiffs Jeff Bowman and Larry Reyes (collectively, "Plaintiffs") and defendant UBS Financial Services Inc. ("UBSFS"), by and through their respective counsel of record, stipulate and agree as follows:

      WHEREAS, Plaintiffs would like to file a Second Amended Complaint, which is attached hereto as Exhibit A;

      WHEREAS, UBSFS does not object to the plaintiffs' filing of a Second Amended Complaint without filing a motion for leave to amend; and

      WHEREAS, the parties would like an opportunity to complete the mediation process before UBSFS is required to respond to Plaintiffs' Second Amended Complaint.

      NOW THEREFORE, Plaintiffs and UBSFS, through their respective counsel of record, hereby stipulate and agree as follows:

      1.    Plaintiffs' Second Amended Complaint, attached hereto as Exhibit A, is deemed filed and served as of the date the Court enters this Stipulation and [Proposed] Order; and

2. UBSFS shall have until August 8, 2005 to answer or otherwise respond to the Second Amended Complaint.

IT IS SO STIPULATED.

Dated: June 9, 2005.

O'MELVENY & MYERS LLP
CHRIS A. HOLLINGER


By: _____/s/_____
Chris A. Hollinger
Attorneys for Defendant
UBS FINANCIAL SERVICES INC.

Dated: June 9, 2005.

THIERMAN LAW FIRM P.C.
MARK R. THIERMAN

DOSTART CLAPP & COVENEY, LLP
JAMES F. CLAPP

LAW OFFICES OF STEVEN MILLER
STEVEN MILLER

KINGSLEY & KINGSLEY, APC
ERIC KINGSLEY


By: _____/s/_____
James F. Clapp[1]
Attorneys for Plaintiffs

**APPROVED**
Judge Maxine M. Chesney

**IT IS SO ORDERED.**

Dated: June 10, 2005

_____
Hon. Maxine M. Chesney
UNITED STATES DISTRICT JUDGE

SF1:590011.1

---

[1] Counsel e-filing this document represents that he has been authorized by Plaintiffs' counsel, James F. Clapp, to file this document on Plaintiffs' behalf.

3

**EXHIBIT A**

1  JAMES F. CLAPP S.B. #145814
   J. KIRK DONNELLY S.B. #179401
2  DOSTART CLAPP & COVENEY, LLP
   4370 La Jolla Village Dr. Ste. 970
3  San Diego, CA 92122
   Tel: (858) 623-4200; Facsimile: (858) 623-4299
4
   MARK R. THIERMAN S.B. #72913
5  THIERMAN LAW FIRM P.C.
   7287 Lakeside Drive
6  Reno, NV 89511
   Tel: (775) 284-1500; Facsimile: (775) 703-5027
7
   STEVEN L. MILLER S.B. # 106023
8  ATTORNEY AT LAW
   CITY NATIONAL BANK BUILDING
   161 Ventura Boulevard, Suite 700
9  Encino, CA 94136
   Telephone: (818) 995-9190
10
   ERIC KINGSLEY S.B. # 185123
11 Kingsley & Kingsley, APC
   16133 Ventura Boulevard, Suite 1200
12 Encino, CA 91436
   Telephone (818) 990-8300, Facsimile (818) 990-2903
13

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16  JEFF BOWMAN and LAUROS           | CASE NO. C-04-03525 MMC
17  REYES aka LARRY REYES,
    individually, and on behalf of all others | CLASS ACTION
18  similarly situated,
                                      | SECOND AMENDED COMPLAINT FOR:
19              Plaintiff
                                      | 1. Restitution of FLSA Overtime Pay: Class A
20                                    | 2. Restitution of State Law Overtime Pay: Class A
    vs.                               | 3. Recovery of State Law Overtime Pay: Class A
21                                    | 4. Restitution of Wage Deductions: Class A
    UBS FINANCIAL SERVICES, INC.,     | 5. Restitution of State Law Overtime Pay: Class B
22  and DOES 1 through 50, inclusive, | 6. Recovery of State Law Overtime Pay: Class B
                                      | 7. Missed Meal Breaks: Classes A and B
23              Defendants.           | 8. Restitution of Business Expenses: Class C
                                      | 9. Recovery of Business Expenses: Class C
24                                    | 10. Waiting Time Penalties: Class D
25

SECOND AMENDED CLASS ACTION COMPLAINT                                            1

## PARTIES

1. Plaintiff JEFF BOWMAN is an individual residing in the State of California.

2. Plaintiff LARRY REYES is an individual residing in the State of California.

3. Defendant UBS FINANCIAL SERVICES, INC. is an entity of unknown form and origin doing business in this judicial district.

## JURISDICTION AND VENUE

4. Defendant has removed this lawsuit from the Alameda County Superior Court to this Court pursuant to 28 U.S.C. section 1441(b).

5. Venue is proper in this judicial district under 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions on which the claims are based occurred in this judicial district.

## CLASS ACTION ALLEGATIONS

6. _Class Definition._ Plaintiffs worked for defendant as Financial Advisors and/or Financial Advisor Trainees (i.e., those in the development or training program) ("Trainees"). Plaintiffs seek to bring this lawsuit as a class action pursuant to Fed. R. Civ. P. 23. The classes that plaintiffs seek to represent are defined as follows:

   6.1. "Class A" consists of all Financial Advisors who worked for defendant in the State of California at any time between June 30, 2000 and the present (the "Class Period").

   6.2. "Class B" consists of all Trainees who worked for defendant in the State of California at any time during the Class Period.

   6.3. "Class C" consists of all Financial Advisors and Trainees who worked for defendant in the State of California at any time during the Class Period and who, during the Class Period, incurred necessary business-related expenses that were not reimbursed by defendant, including without limitation advertising or promotional expenses, seminar costs,

SECOND AMENDED CLASS ACTION COMPLAINT                    2

1  training costs, telephone charges, ticket charges, mailing costs, subscriptions, office supplies,
2  office equipment, wages of the support staff, costs associated with trading errors, costs to
3  settle disputes with customers, and any other necessary business-related costs or expenses that
4  resulted from their employment with defendant.

5    6.4.   "Class D" consists of all members of Class A, Class B, and/or Class C
6  who, as of the date this lawsuit was filed, were no longer employed by defendant.

7    7.   <u>Ascertainable Class.</u>   The proposed classes are ascertainable in that their
8  members can be identified and located using information contained in defendant's payroll and
9  personnel records.

10   8.   <u>Common Questions.</u>   Common questions of fact or law exist with respect to
11  the class members, which include but are not limited to the following:

12    8.1.   Whether the members of Class A and Class B receive overtime pay;

13    8.2.   The reasons why defendant classified the members of Class A and
14  Class B as exempt from overtime;

15    8.3.   Whether the members of Class A and Class B regularly work more
16  than 40 hours per week and/or 8 hours per day;

17    8.4.   Whether defendant is a "retail or service establishment";

18    8.5.   Whether the members of Class A and Class B are paid on a salary
19  basis;

20    8.6.   Whether the primary duty of the members of Class A and Class B is
21  performing work that is directly related to the management or general business operations of
22  defendant or defendant's customers;

23    8.7.   Whether the primary duty of the members of Class A and Class B is
24  selling financial products or services;

25

SECOND AMENDED CLASS ACTION COMPLAINT            3

8.8. Whether the members of Class A and Class B exercise independent judgment and discretion;

8.9. Whether the members of Class C incurred necessary business-related expenses that were not reimbursed by defendant, including without limitation advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office supplies, office equipment, wages of the support staff, costs associated with trading errors, costs to settle disputes with customers, and any other necessary business-related costs or expenses that resulted from their employment with defendant;

8.10. Whether defendant illegally deducted the business-related expenses from the Class C members' earned wages;

8.11. Whether defendant timely and fully paid the members of Class D all of the wages they were due in their final paycheck;

8.12. Whether defendant's failure to pay the members of Class D all of the wages they were due in their final paycheck was willful.

9. <u>Numerosity</u>. The plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case. Each class consists of well over 100 members.

10. <u>Typicality and Adequacy</u>. Plaintiffs' claims are typical of the claims of the class members. Plaintiffs suffered a similar injury as the other class members as a result of defendant's common practices regarding the payment of wages. In addition, plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs have no interests that are adverse to the interests of the other class members.

11. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class

is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CLAIM

### (Restitution of FLSA Overtime Pay – On Behalf of Class A)

12. Plaintiffs incorporate the allegations contained in paragraphs 1-11.

13. The Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

14. Class A members regularly work more than 40 hours per week but are not paid overtime.

15. Defendant is not a "retail or service establishment" under 29 U.S.C. section 207(i) and 29 C.F.R. sections 779.316 and 779.317.

16. Class A members are not exempt under the FLSA's administrative exemption.

17. Class A members are not exempt under the FLSA's professional exemption.

18. Class A members are not exempt under the FLSA's executive exemption.

19. Class A members are not exempt under the FLSA's outside sales exemption.

20. Defendant has committed an act of unfair competition by not paying the required FLSA overtime pay to the members of Class A. Pursuant to Bus. & Prof. Code section 17203, plaintiffs request an order requiring defendant to make restitution of all FLSA overtime pay due to Class A, in an amount to be proved at trial.

## SECOND CLAIM

### (Restitution of State Law Overtime Pay – On Behalf of Class A)

21. Plaintiffs incorporate the allegations contained in paragraphs 1-11.

22. Wage Order 4-2001, 8 C.C.R. section 11040, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day.

23. Class A members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime.

24. Class A members are not exempt under California's commissioned sales exemption.

25. Class A members are not exempt under California's administrative exemption.

26. Class A members are not exempt under California's professional exemption.

27. Class A members are not exempt under California's executive exemption.

28. Class A members are not exempt under California's outside sales exemption.

29. Defendant has committed an act of unfair competition by not paying the required state law overtime pay to the members of Class A. Pursuant to Bus. & Prof. Code section 17203, plaintiffs request an order requiring defendant to make restitution of all state law overtime pay due to Class A, in an amount to be proved at trial.

## THIRD CLAIM

### (Recovery of State Law Overtime Pay – On Behalf of Class A)

30. Plaintiffs incorporate the allegations contained in paragraphs 1-11 and 22-28.

31. Pursuant to California Labor Code section 1194, the members of Class A are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

### FOURTH CLAIM

### (Restitution of Wage Deductions – On Behalf of Class A)

32. Plaintiffs incorporate the allegations contained in paragraphs 1-11.

33. Defendant engages in the following practice with respect to Class A: If the Financial Advisor's monthly draw exceeds his or her commissions for that month, defendant carries forward the deficit and recovers it from the Financial Advisor's wages in subsequent months.

34. To the extent defendant claims that the monthly draw paid to Class A is a "salary," defendant's practice of recovering a portion of this so-called "salary" from wages in subsequent months violates California Labor Code section 221, 224, and 300, and is, in turn, an act of unfair competition under Bus. & Prof. Code section 17200 et seq. Pursuant to Bus. & Prof. Code section 17203, plaintiffs request an order requiring defendant to make restitution of any portion of the "salary" that was recovered from Class A members' wages in subsequent months, in an amount to be proved at trial.

### FIFTH CLAIM

### (Restitution of State Law Overtime Pay – On Behalf of Class B)

35. Plaintiffs incorporate the allegations contained in paragraphs 1-11 and 22.

36. Class B members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime.

37. Class B members are not exempt under California's commissioned sales exemption.

38. Class B members are not exempt under California's administrative exemption.

SECOND AMENDED CLASS ACTION COMPLAINT

7

39. Class B members are not exempt under California's professional exemption.

40. Class B members are not exempt under California's executive exemption.

41. Class B members are not exempt under California's outside sales exemption.

42. Defendant has committed an act of unfair competition by not paying the required state law overtime pay to the members of Class B. Pursuant to Bus. & Prof. Code section 17203, plaintiffs request an order requiring defendant to make restitution of all state law overtime pay due to Class B, in an amount to be proved at trial.

## SIXTH CLAIM

### (Recovery of State Law Overtime Pay – On Behalf of Class B)

43. Plaintiffs incorporate the allegations contained in paragraphs 1-11, 22, and 36-41.

44. Pursuant to California Labor Code section 1194, the members of Class B are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

## SEVENTH CLAIM

### (Missed Meal Periods – By and on Behalf of Classes A and B)

45. Plaintiffs incorporate the allegations contained in paragraphs 1-11, 23-28, and 36-41.

46. Wage Order 4-2001, 8 C.C.R. section 11040, states that an employer must provide a non-exempt employee with a meal period in which the employee is completely relieved of duty. Because defendant treated the members of Class A and Class B as exempt when they were really non-exempt, defendant failed to provide these individuals with their required meal periods.

47. Pursuant to California Labor Code section 226.7, the members of Class A and Class B are entitled to one additional hour of pay for each day a meal period was missed, in an amount to be proved at trial.

### EIGHTH CLAIM

**(Restitution of Business Expenses – On Behalf of Class C)**

48. Plaintiffs incorporate the allegations contained in paragraphs 1-11.

49. The members of Class C incurred necessary business-related expenses that were not reimbursed by defendant, including without limitation advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office supplies, office equipment, wages of the support staff, costs associated with trading errors, costs to settle disputes with customers, and other necessary business-related costs or expenses that resulted from their employment with defendant.

50. Defendant's failure to reimburse these expenses violates California Labor Code section 2802, as well as Labor Code sections 221 and 400-410 as those sections have been interpreted by California case law. As such, defendant has committed an act of unfair competition under Bus. & Prof. Code section 17200 et seq. against Class C.

51. Pursuant to Bus. & Prof. Code section 17203, plaintiffs request an order requiring defendant to make restitution of all necessary business-related expenses due to Class C, in an amount to be proved at trial.

### NINTH CLAIM

(Recovery of Business Expenses – On Behalf of Class C)

52. Plaintiffs incorporate the allegations contained in paragraphs 1-11 and 49.

53. Pursuant to California Labor Code section 2802, the members of Class C are entitled to recover their business expenses, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

## TENTH CLAIM

(Waiting Time Penalties – On Behalf of Class D)

54. Plaintiffs incorporate the allegations contained in paragraphs 1-53.

55. Defendant willfully and intentionally failed to pay plaintiffs and the other Class D members all of the wages they were due by the deadlines imposed under California Labor Code sections 201 and 202. Accordingly, the Class D members are entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at trial.

## PRAYER

WHEREFORE, plaintiffs pray for judgment against defendant as follows:

1. For compensatory damages according to proof;

2. For an order requiring defendant to make restitution of all wages, including overtime wages and business expenses, that were illegally withheld;

3. For interest according to proof;

4. For penalties as alleged herein;

5. For reasonable attorney's fees and costs of suit; and

6. For such other relief that the Court deems just and proper.

Dated: ~~May~~ June 9, 2005

DOSTART CLAPP & COVENEY, LLP

JAMES F. CLAPP
Attorneys for Plaintiffs