**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BOWMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>  Defendant.<br>_____/<br>JOSEPH GLASS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>UBS FINANCIAL SERVICES, INC., et al.,<br><br>  Defendants.<br>_____/ | No. C-04-3525 MMC<br><br><br><br><br><br><br><br>No. C-06-4068 MMC<br><br>**ORDER DENYING ANTHONY DARIA'S MOTION TO JOIN OR BE SUBSTITUTED FOR LAWRENCE R. KAUFMANN AS (1) OBJECTOR TO PROPOSED SETTLEMENT AND (2) MOVANT AND INTERVENOR-PLAINTIFF IN MOTION TO INTERVENE, FOR CONSOLIDATION, AND FOR OTHER RELIEF** |

  Before the Court is "Anthony Daria's Motion To Join Or Be Substituted For Lawrence R. Kaufmann As (1) Objector To Proposed Settlement And (2) Movant And Intervenor-Plaintiff In Motion To Intervene, For Consolidation, & For Other Relief," filed November 16, 2006.

  In a letter and declaration filed November 15, 2006, Kaufman withdrew his objection to the proposed settlement in Bowman. By separate order filed concurrently herewith, the Court has found approval for such withdrawal is not necessary, as Kaufmann is not a member of the Bowman class and thus lacks standing to assert any objection to the Bowman settlement. Daria cites no authority permitting him to join or substitute in another person's objection and thus avoid any argument that Daria's objection is untimely, much

less any authority permitting him to join or substitute himself in place of a person who has withdrawn an objection. Moreover, Daria, like Kaufmann, is not a member of the Bowman class and, thus, lacks standing to object to the proposed Bowman settlement.[1] Accordingly, Daria's motion to join in Kaufmann's withdrawn objection, or to substitute himself in place of Kaufmann for purposes of asserting Kaufmann's withdrawn objection, is hereby DENIED.

By the instant motion, Daria further seeks to join or substitute as the movant in Kaufmann's withdrawn motions to intervene in the Bowman and Glass actions. Daria cites no authority permitting him to join or substitute himself as the movant for purposes of asserting another person's motion to intervene. Moreover, because Kaufmann has withdrawn his motions to intervene, there are no motions pending in which Daria can "join" or "substitute." Accordingly, Daria's motion to join in Kaufmann's motions to intervene, or to substitute himself in place of Kaufmann for purposes of making such motions, is hereby DENIED.

This order terminates Docket No. 136 in Case No. 04-3525 and Docket No. 86 in Case No. 06-4068.

**IT IS SO ORDERED.**

Dated: November 16, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] The Bowman action is asserted on behalf of a class consisting of all persons who, between June 30, 2000 and the present, worked for UBS as a Financial Advisor or Financial Advisor Trainee in California. (See Second Amended Complaint ("SAC") ¶ 6.) Daria's counsel attests Daria was employed by UBS as a broker in New York. (See Halebian Decl. ¶ 2.) "The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals." Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989). Consequently, "non-class members have no standing to object, pursuant to a Rule 23(e) notice directed to class members, to a proposed class settlement." See id.; see also San Francisco NAACP v. San Francisco Unified School District, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) (holding "nonclass members have no standing to object to the settlement of a class action").