IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BOWMAN, et al., | No. C-04-3525 MMC |
| Plaintiffs, | **ORDER RE: LAWRENCE R. KAUFMANN'S WITHDRAWAL OF OBJECTION TO SETTLEMENT** |
| v. | |
| UBS FINANCIAL SERVICES, INC., | |
| Defendant. | |

On November 15, 2006, the Court received a letter from an attorney on behalf of Lawrence R. Kaufmann ("Kaufmann"), dated November 13, 2006, along with Kaufmann's declaration, by which documents Kaufmann notified the Court that Kaufman was withdrawing his motion to intervene in the instant action as well as his objection to the proposed settlement of the instant action.

Kaufmann may, without court approval, withdraw both his motion to intervene and his objection to the proposed settlement. Although a class member's objection to a proposed class action settlement "may be withdrawn only with the court's approval," see Fed. R. Civ. P. 23(e)(4)(B), Kaufmann is not a member of the Bowman class. The instant class action is asserted on behalf of a class consisting of all persons who, between June 30, 2000 and the present, worked for UBS as a Financial Advisor or Financial Advisor Trainee in California. (See Second Amended Complaint ("SAC") ¶ 6.) Kaufmann states he worked as a financial advisor for UBS in New Jersey. (See Kaufman Objection at 1 n.1.)

Rule 23(e)(4)(A) of the Federal Rules of Civil Procedure provides that "[a]ny class member may object to a proposed settlement[.]" See Fed. R. Civ. P. 23(e)(4)(A). "The

1 plain language of Rule 23(e) clearly contemplates allowing only class members to object to
2 settlement proposals." Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989).
3 Consequently, "non-class members have no standing to object, pursuant to a Rule 23(e)
4 notice directed to class members, to a proposed class settlement." See id.; see also San
5 Francisco NAACP v. San Francisco Unified School District, 59 F. Supp. 2d 1021, 1032
6 (N.D. Cal. 1999) (holding "nonclass members have no standing to object to the settlement
7 of a class action").

8     Because Kaufmann lacks standing to object to the Bowman settlement, the Court
9 finds approval of Kaufmann's withdrawal of his objection is not required, and, accordingly,
10 deems said objection withdrawn.

11     **IT IS SO ORDERED.**

12 Dated: November 16, 2006
13                                       MAXINE M. CHESNEY
                                      United States District Judge