1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

11   JEFF BOWMAN AND LAUROS REYES          CASE NO. C-04-03525 MMC
     aka LARRY REYES, individually, and on
12   behalf of all others similarly situated,   [PROPOSED] ORDER GRANTING
                                                 PLAINTIFFS' AND DEFENDANT'S
13              Plaintiff,                        MOTIONS FOR FINAL APPROVAL OF
                                                 SETTLEMENT AND AWARDING
14        vs.                                    ATTORNEY'S FEES, LITIGATION
                                                 EXPENSES, AND ENHANCEMENT
15   UBS FINANCIAL SERVICES, INC., and          PAYMENTS
     DOES 1 through 50, inclusive,
16
                Defendants.                       Date:      November 17, 2006
17                                               Time:      9:00 a.m.
                                                 Ctrm:      7
18                                               Judge:     Maxine M. Chesney

19
20
21
22
23
24
25
26
27
28

On November 17, 2006 at 9:00 a.m., the Court heard the following motions in the above-caption matter (the "Lawsuit"): (1) the motion by plaintiffs Jeff Bowman and Lauros Reyes ("Plaintiffs") for final approval of the proposed class action settlement; (2) the motion by defendant UBS Financial Services, Inc. ("Defendant") for final approval of the proposed class action settlement; and (3) the motion by Plaintiffs and Class Counsel for an award of attorney's fees, litigation expenses, and enhancement payments to the two Plaintiffs. After reviewing the parties' written submissions, and after hearing arguments of counsel, the Court finds and orders as follows:

1.      All terms used in this order ("Final Order") shall have the same meaning as defined in the parties' "Joint Stipulation of Settlement And Release Between Plaintiffs Jeff Bowman and Lauros Reyes and Defendant UBS Financial Services Inc." ("Joint Stipulation"), a copy of which is attached hereto as **Exhibit A.**

2.      This Court has jurisdiction over the subject matter of the Lawsuit and over all parties, including all Class Members.

3.      Pursuant to the Court's "Order Granting Preliminary Approval Of Settlement And Setting Final Approval Hearing," dated July 6, 2006 ("Preliminary Order"), the Court preliminarily certified the following class for settlement purposes (the "Class"):

> **ALL CURRENT AND FORMER EMPLOYEES OF UBS FINANCIAL SERVICES INC.,("UBS") WHO WERE EMPLOYED BY UBS IN THE STATE OF CALIFORNIA AS FINANCIAL ADVISORS (JOB CODES 456 AND 008456) AND/OR NEW FINANCIAL ADVISORS OR FINANCIAL ADVISOR TRAINEES (JOB CODES 226, 008226, 457 AND 008457) DURING ALL OR PART OF THE PERIOD FROM JUNE 30, 2000 THROUGH JUNE 30, 2006.**

The Class is now finally and conclusively certified for settlement purposes.

4.      In accordance with the Preliminary Order, the parties caused to be mailed the following: (1) Notice of Pendency Of Class Action, Proposed Settlement, And Hearing Date For Court Approval; (2) Claim Form; and (3) Exclusion Form (collectively the "Notice Materials"). The Notice Materials were sent via first class mail within the time mandated in the Preliminary Order, and adequately informed the Class of: (1) the pendency of the proposed Joint Stipulation;

1    (2) all material elements of the proposed Joint Stipulation; (3) the November 17, 2006 hearing

2    date for final approval of the Joint Stipulation; and (4) the opportunity to be excluded from the

3    proposed Class or otherwise object to the proposed Joint Stipulation.  David C. Holland of Rust

4    Consulting, Inc., the Settlement Administrator, filed a declaration with the Court on October 20,

5    2006 concerning the dissemination of the Notice Materials and the status of claims and

6    objections.

7         5.      The Notice Materials provided due and adequate notice to Class Members and

8    constitute the best notice practicable and possible under the circumstances.  The proof of

9    dissemination filed with the Court demonstrates that this Court's orders have been complied with

10    in regard to the Notice Materials and preliminary approval of the Joint Stipulation, and further,

11    that the best notice practicable and possible under the circumstances was in fact given and

12    constituted valid, due, and sufficient notice to members of the Class, complying fully with all

13    applicable statutes and laws.

14         6.      No Class Member has filed an objection to this Joint Stipulation.  One individual

15    who is not a Class Member, Lawrence R. Kaufmann, filed an objection to the Joint Stipulation

16    and attempted to intervene in the Lawsuit through his attorney Lovell Stewart Halebian, LLP.  By

17    Orders dated November 16, 2006, the Court deemed the objection and motion to intervene

18    withdrawn and the Court denied the motion of Anthony Daria to substitute for Lawrence R.

19    Kaufmann in either the objection or the motion to intervene.

20         7.      The Court finds that the Joint Stipulation was the product of protracted, arms-

21    length negotiations between experienced counsel, assisted by a respected mediator. The Court

22    finds that the Joint Stipulation is fair, reasonable, adequate, and in the best interests of the Class

23    and hereby grants final approval to the Joint Stipulation.  In so doing, the Court has thoroughly

24    considered such factors as: the strength of the Plaintiffs' case; the risk, expense, complexity, and

25    likely duration of further litigation; the risk of maintaining class action status throughout the trial;

26    the amount offered in settlement; the extent of discovery completed and the stage of the

27    proceedings; the experience and views of counsel; and the reaction of the Class Members to the

28

1    proposed Joint Stipulation. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

2    Plaintiffs and Defendant are ordered to carry out the terms of the Joint Stipulation.

3         8.      The Settlement Administrator received 23 timely exclusion forms. A list of the

4    individuals who have timely excluded themselves from the Joint Stipulation is attached hereto as

5    **Exhibit B.**  These individuals are not Class Members and are not bound by any of the provisions

6    of the Joint Stipulation.

7         9.      Defendant shall pay the claims presented by the claim procedure described in the

8    Joint Stipulation.  Defendant shall have no further liability for costs, expenses, interest, attorneys'

9    fees, or for any other charge, expense, or liability, except as provided in the Joint Stipulation.

10        10.     The Class is bound by the release and waiver listed in Paragraphs 45 and 47 of the

11   Joint Stipulation, respectively, and this Final Order, which Final Order shall have the force and

12   effect of *res judicata* as to them.

13        11.     The class representatives, Jeff Bowman and Lauros Reyes, are bound by the

14   release and waiver listed in Paragraphs 46 and 47 of the Joint Stipulation, respectively, and this

15   Final Order, which Final Order shall have the force and effect of *res judicata* as to them.

16        12.     The Joint Stipulation is not an admission by UBS nor is this Final Order a finding

17   of the validity of any claims in the Lawsuit or any wrongdoing by UBS.  In addition, the Joint

18   Stipulation is not an admission nor is this Final Order a finding that the certification of the Class

19   is proper for any purpose or proceeding other than for settlement purposes in the present case.

20   Furthermore, neither the Joint Stipulation, nor any document, statement, proceeding or conduct

21   related to the settlement or the Joint Stipulation, nor any reports or accounting of those matters,

22   will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence

23   for any purpose adverse to UBS, including, but not limited to, evidence of a presumption,

24   concession, indication or admission by UBS of any liability, fault, wrongdoing, omission,

25   concession or damage; or (ii) disclosed, referred to or offered in evidence against UBS, in any

26   further proceeding in the Lawsuit, or any other civil, criminal or administrative action or

27   proceeding except for purposes of effectuating the Joint Stipulation.  However, the Joint

28   Stipulation may be admitted in evidence and otherwise used in any and all proceedings to enforce

1    any or all terms of the Joint Stipulation, or in defense of any claims released or barred by the Joint

2    Stipulation.

3         13.    Concurrently with their motion for final approval of the Joint Stipulation, Plaintiffs

4    and Class Counsel filed a motion for an award of attorney's fees in the amount of $11,000,000.00

5    (representing 25% of the total settlement amount), litigation expenses of $33,538.56, and

6    enhancement payments to the class representatives, Jeff Bowman and Lauros Reyes, in the

7    amount of $20,000.00 each.  Those motions are granted. The Court finds that Class Counsel have

8    skillfully advanced novel and untested legal theories on a contingent-fee basis over more than two

9    years, and their efforts resulted in a substantial payment to the Class.   The Court finds no

10   "unusual circumstances" to warrant a departure from the Ninth Circuit's 25% benchmark fee.

11   The Court further finds that Class Counsel's expenses were reasonably incurred in prosecuting

12   this case. Finally, the Court finds that the proposed enhancement payments to Jeff Bowman and

13   Lauros Reyes are reasonable in light of the services they performed on behalf of the Class and the

14   risks they undertook in bringing the Lawsuit.  The Court further notes that no Class Member has

15   objected to the proposed award of attorney's fees, litigation expenses, and enhancement

16   payments.  Accordingly, the Court grants Plaintiffs' and Class Counsel's motion in its entirety.

17        14.    The claims alleged in the Complaint are hereby dismissed with prejudice,

18   provided, however, and without affecting the finality of this Final Order in any way, this Court

19   retains continuing jurisdiction over the interpretation, implementation, administration and

20   enforcement of the terms of the Joint Stipulation.

21              IT IS SO ORDERED:

22

23   DATED:  November 22, 2006        _____

24                                   HONORABLE MAXINE M. CHESNEY
                                     UNITED STATES DISTRICT JUDGE
25

26   LEGAL_US_W # 54578389.5

27

28

**EXHIBIT A**

M. KIRBY C. WILCOX (SB# 78576) kirbywilcox@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
UBS FINANCIAL SERVICES INC.

JAMES F. CLAPP (SB# 145814)
DOSTART CLAPP GORDON & COVENEY LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone: (858) 623-4200
Facsimile: (858) 623-4299

H. TIM HOFFMAN (SB# 49141)
ARTHUR W. LAZEAR (SB# 83603)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

MARK R. THIERMAN (SB# 72913)
THIERMAN LAW FIRM P.C.
7287 Lakeside Drive
Reno, NV 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF BOWMAN AND LAUROS REYES
aka LARRY REYES, individually, and on
behalf of all others similarly situated,

Plaintiffs,

vs.

UBS FINANCIAL SERVICES INC., and
DOES 1 through 50, inclusive,

Defendants.

**CASE NO.  C-04-03525 MMC**

**JOINT STIPULATION OF SETTLEMENT
AND RELEASE BETWEEN PLAINTIFFS
AND JEFF BOWMAN AND LAUROS
REYES AND DEFENDANT UBS
FINANCIAL SERVICES INC.**

Plaintiffs Jeff Bowman and Lauros Reyes aka Larry Reyes, individually and on

behalf of all others similarly situated, and defendant UBS Financial Services Inc., by and through

their respective counsel of record, agree to resolve the above-captioned case through this Joint Stipulation of Settlement and Release.

## I.
## DEFINITIONS

1.    "Action" means the consolidated civil action filed on May 11, 2005 in the United States District Court for the Northern District of California entitled *Jeff Bowman and Lauros Reyes aka Larry Reyes, individually, and on behalf of all others similarly situated v. UBS Financial Services Inc.*, Case No. C-04-03525 MMC.

2.    "UBS" shall mean Defendant UBS Financial Services Inc. and all of its officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

3.    "Claims Administrator" shall mean Rust Consulting, or an administrator mutually agreed to by the Parties that will perform the duties of (i) using the data provided by UBS to prepare the Claim Forms with the number of Months Worked in the Covered Positions by each Class Member; (ii) mailing the Notice, Claim Forms and Exclusion Forms to Class Members; (iii) tracking returned Claim and Exclusion Forms; (iv) notifying the Parties of timely and untimely claims; (v) calculating the amounts due to each Class Member pursuant to the Settlement; and (vi) notifying the Parties of and resolving any disputes regarding claims by the Class Members.

4.    "Claim Form" shall mean Exhibit "B", the form approved by the Parties and subject to Court approval which each Class Member must submit to recover a portion of the settlement proceeds.

-2-                JOINT STIPULATION OF SETTLEMENT AND RELEASE

5.      "Class" or "Class Members" shall mean the named Plaintiffs, Jeff Bowman and Lauros Reyes, and all persons who work or worked for UBS in the State of California in the Covered Positions during the Covered Period.

6.      "Class Representatives" shall mean Plaintiff Jeff Bowman and Lauros Reyes.

7.      "Class Counsel" shall mean James F. Clapp of Dostart Clapp Gordon & Coveney, LLP, Mark Thierman of Thierman Law Firm P.C., Steven L. Miller, Eric Kingsley of Kingsley & Kingsely, APC, and H. Tim Hoffman and Arthur W. Lazear of Hoffman & Lazear.

8.      "Class Members' Released Period" shall mean the period June 30, 2000 to the date on which the District Court gives final approval of the Settlement.

9.      "Class Representatives' Released Period" shall mean the period from the start of time to the date on which the District Court gives final approval of the Settlement.

10.     "Compensable Work Months" shall mean all months worked by UBS's employees in California in the Covered Positions during the Covered Period.

11.     "Court" refers to the United States District Court of the Northern District of California.

12.     "Covered Period" shall mean the period June 30, 2000 through the date on which the District Court gives preliminary approval of the Settlement.

13.     "Covered Positions" refers to job code 226, Unregistered Trainee; job code 456, Broker; and job code 457, Registered Trainee at UBS Financial Services Inc. and UBS International, Inc.

14.     "Exclusion Form" refers to Exhibit "C", the Request for Exclusion Form approved by the Parties and subject to Court approval which a Class Member must submit to exclude himself or herself from the release of claims pursuant to this Settlement.

15.     "Final Judgment" shall mean the Order Granting Final Approval of Class Action Settlement and Judgment entered by the Court.

16.     "Maximum Payment" shall mean up to $44,000,000.00 to be paid by UBS pursuant to this Settlement.

17.     "Notice" shall mean the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval attached as Exhibit "A."  It is the notice approved by the Parties and subject to Court approval which the Claims Administrator will mail to each Class Member explaining the terms of the Settlement and the claims process.

18.     "Parties" shall mean the Class Representatives, Class Members and UBS.

19.     "Settlement" shall mean this Joint Stipulation of Settlement and Release.

20.     "Settlement Effective Date" shall mean the first day following the last of the following occurrences:

CASE NO.  C-04-03525 MMC                    -4-                    JOINT STIPULATION OF SETTLEMENT
                                                                  AND RELEASE

(a)     The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or

(b)     If an appeal or other judicial review has been taken or sought, the date the Final Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom, or the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review.

## II.
## RECITALS

21.     On June 30, 2004, plaintiff Jeff Bowman commenced a purported class action against UBS in Alameda County Superior Court ("Bowman action"). On October 13, 2004 plaintiff Lauros Reyes commenced a purported class action against UBS in Los Angeles County Superior Court ("Reyes action"). On August 23, 2004 UBS filed its answer to the Bowman action, and on January 3, 2005 UBS filed it answer to the Reyes action. On August 23, 2004 UBS removed the Bowman action to the United States District Court for the Northern District of California. By stipulation, Reyes dismissed his state court action and on May 11, 2005, Bowman filed an amended complaint in federal district court that expanded upon his earlier claims and included Reyes as a named party. In the joint action, plaintiffs alleged that they and the Class were misclassified as exempt from federal and state overtime law and not paid compensation for overtime hours they worked, including interest and penalties. They also alleged that they incurred business-related expenses, that UBS did not reimburse them for those expenses and that UBS unlawfully made adjustments to and/or took deductions from their compensation. They further alleged that they and the Class were not provided with state-mandated meal periods.

22.     Plaintiffs believe this Action is meritorious based on alleged violations of California's wage and hour laws and the FLSA, and that their Action is appropriate for class

1   action treatment.  UBS denies any liability or wrongdoing of any kind associated with the claims

2   alleged, and contends that, for any purpose other than settlement, this Action is not appropriate

3   for class or collective action treatment pursuant to Federal Rule of Civil Procedure 23 or 29

4   U.S.C. § 216(b) respectively.  UBS further contends that it has complied with the California

5   Labor Code, the Fair Labor Standards Act, the California Business and Professions Code, and the

6   applicable Industrial Welfare Commission Wage Orders.

7

8          23.     On July 11, 2005 the Parties participated in a full-day private mediation

9   with Edward A. Panelli, Esq. and failed to reach an agreement to settle this Action.  On

10  September 28, 2005, the Parties engaged in full-day settlement negotiations and reached an

11  agreement to settle this Action on the terms set forth below.

12

13         24.     The Parties agree that the Court shall certify a class solely for the purpose

14  of implementing the terms of this Settlement.

15

16         25.     Class Counsel represents that they have conducted a thorough investigation

17  into the facts of this case, and have diligently pursued an investigation of the Class Members'

18  claims against UBS, including (i) interviewing Class Members and analyzing the results of Class

19  Member interviews; (ii) reviewing relevant documents; (iii) researching the applicable law and

20  the potential defenses.  Based on their own independent investigation and evaluation, Class

21  Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best

22  interest of the Class Members in light of all known facts and circumstances, including the risk of

23  significant delay, and defenses asserted by UBS.  UBS agrees that the Settlement is fair,

24  reasonable and adequate.

25

26         26.     The entry of Final Judgment in this Action shall dismiss with prejudice all

27  claims which were or which could have been alleged in Plaintiffs' complaint.  The Parties agree

28

to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval

of this Settlement, to effectuate its terms, and to dismiss this Action with prejudice.

### III.
### TERMS OF SETTLEMENT

27.   Maximum Payment:

(a)   The Maximum Payment under the Settlement, if all Class Members

file valid and timely claims, is $44,000,000.00, consisting of the following: (1) $44,000,000.00

less the sums set forth  at (2) through (4) of this Subparagraph to pay the timely and valid claims

of the Class Members; (2) up to $11,000,000.00 in attorney's fees to Class Counsel, plus up to

$100,000.00 in litigation costs, subject to Court approval; (3) up to $40,000 ($20,000 each) in

enhancements to the Class Representatives, subject to Court approval; and (4) a reasonable

amount to the Claims Administrator to administer the Settlement.

(b)   With respect to the portion of the Maximum Payment allocated to

pay the timely and valid claims of the Class Members, the Parties will develop a formula that

results in the complete distribution of that portion, assuming that all Class Members participate in

the distribution.  If fewer than all Class Members participate in the distribution, the residual shall

be the exclusive property of UBS.

(c)   UBS has represented that Class Members who participate in the

Settlement by submitting a Claim Form will receive a payment proportionate to the number of

months or partial months that they worked in a Covered Position between June 30, 2000 and the

date of preliminary approval ("Represented Compensable Work Months").

28.   Attorneys' Fees:  UBS agrees, subject to the approval of the Court, to pay

to Class Counsel twenty-five percent (25%) of the Maximum Payment (or $11,000,000.00) in

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1   attorneys' fees to compensate Class Counsel for all of the work already performed in this case

2   and all work remaining to be performed in documenting the Settlement, securing Court approval

3   of the Settlement, administrating the Settlement, ensuring that the Settlement is fairly

4   administered and implemented and obtaining dismissal of the Action.  If the Court awards Class

5   Counsel less than twenty-five percent (25%) of the Maximum Payment, the residual shall be the

6   exclusive property of UBS.

7

8        29.    Costs:  Subject to Court approval, UBS further agrees to pay Class Counsel

9   a maximum amount of $100,00.00 for costs and expenses incurred by Class Counsel in

10  prosecuting the Action and in implementing the terms of this Settlement.  If the Court awards

11  Class Counsel less than $100,000.00 in costs and expenses, the residual shall be the exclusive

12  property of UBS.  UBS will issue Class Counsel an IRS Form 1099 for their attorneys' fees and

13  costs.

14

15       30.    Enhancement to Class Representatives:  Conditioned upon the Class

16  Representatives' execution of a general release in favor of UBS, UBS agrees to pay to each of the

17  Class Representatives, Jeff Bowman and Lauros Reyes, a service payment of $20,000 each as an

18  enhancement for their service as Class Representatives, in addition to any payment they each may

19  otherwise receive as a Class Member.  If the Court awards the Class Representatives less than

20  $20,000 each, the residual shall be the exclusive property of UBS.  UBS will issue an IRS Form

21  1099 for these service payments.

22

23       31.    Distribution to Class Members:

24

25       (a)    UBS agrees to pay only those Class Members who submit timely

26  and valid Claim Forms.  To be timely, the Claim Forms must be postmarked by the date indicated

27  on the Claim Form.  To be valid, Claim Forms must be completed in full, signed under penalty of

28

CASE NO. C-04-03525 MMC              -8-              JOINT STIPULATION OF SETTLEMENT
                                                                     AND RELEASE

perjury, and accompanied by a photocopy of the driver's license of the claimant or other form of government issued picture identification (*e.g.*, passport).

(b)     After deductions of Court approved attorneys' fees, litigation costs, the service payments to the Class Representatives, and a reasonable payment for the services of the Claims Administrator, the remainder of the Maximum Payment shall be available to be distributed to the Class Members (such amount, the "Class Member Distribution Amount").

(c)     <u>Class Member Distribution Amount</u>:  The gross amount distributed to each Class Member will be based on a formula the Parties develop for allocating the portion of the Maximum Payment that they designate for payments to Class Members.

(d)     <u>Tax Allocation</u>:  The Parties agree that the settlement payments to Class Members are fifty -percent (50%) wages subject to the withholding of all applicable local, state and federal taxes, and fifty-percent (50%) penalties and interest.  UBS will pay its portion of payroll taxes and withholdings.

(e)     <u>Settlement Payment Date</u>:  UBS shall mail the settlement payments to the Class Members as well as the enhancement to the Class Representative within twenty (20) calendar days following the Settlement Effective Date.  UBS shall mail the payment for attorneys' fees and costs within five (5) calendar days following the Settlement Effective Date.

## IV.
## NOTICE TO THE PLAINTIFF CLASS

32.     A Notice in the form attached as Exhibit "A" and approved by the Court shall be sent by the Claims Administrator to the Class Members, by first class mail, within thirty (30) days of the Court's entry of the Order Granting Preliminary Approval of the Settlement and

Notice. Attached to the Notice will be a Claim Form and a Request for Exclusion Form, in the form attached as Exhibits "B" and "C."

33. UBS shall provide, within two weeks following the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice, to the Claims Administrator a database of all putative Class Members, including last known addresses and telephone numbers, dates of employment in the Covered Positions for the Covered Period, and social security numbers. This database shall be based on UBS's payroll and other business records and in a format acceptable to the Claims Administrator. UBS agrees to consult with the Claims Administrator prior to the production date to ensure that the format of the database will be acceptable to the Claims Administrator. In consideration of the privacy concerns of the individual Class Members, the Claims Administrator will not share the identity of individual Class Members with the Class Representatives or Class Counsel. If, however, a Class Member requests the opportunity to communicate with Class Counsel, the Claims Administrator shall contact Class Counsel and furnish them with that Class Member's contact information. Notwithstanding the foregoing, the Claims Administrator will provide to Class Counsel the name, last-known address, last-known telephone number, and dates of employment in each Covered Position during the Covered Period of any Class Member who (1) objects to the Settlement, (2) requests exclusion from the Settlement, or (3) otherwise expresses any opposition to the Settlement.

34. The Claims Administrator will use all standard skip tracing devices to obtain forwarding addresses and forward return mail to ensure that the Notice, the Claim Form and instructions, and the Exclusion Form are sent to all Class Members. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Notice. With respect to returned envelopes, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within ten (10) days of the receipt of the returned envelope.

35.     The Claims Administrator will mail a reminder postcard no later than ten (10) days before the deadline to submit Claim Forms.

36.     Class Counsel shall provide the Court, at least five (5) days prior to the final fairness hearing, a declaration by the Claims Administrator specifying the due diligence it has undertaken with regard to the mailing of the Notice.

## V.
## CLAIM PROCESS

37.     Within thirty (30) days following the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice, the Claims Administrator will mail to all Class Members the Notice, the Claim Form and instructions, and the Request for Exclusion Form.

38.     Each Claim Form will list the number of months during the Covered Period that the Class Member held the Covered Positions according to UBS's records.  The Claim Form will contain a request that the Class Member confirm or dispute this information.

39.     Class Members will have sixty (60) days from the mailing of the Notice, Claim Forms and Exclusion Forms to submit their Claim Form or Exclusion Form.  No Claim Forms or Exclusion Forms will be honored if postmarked after the deadline to submit claims.  All original Claim Forms and Exclusion Forms shall be sent directly to the Claims Administrator at the address indicated on the forms.

40.     The Claims Administrator will certify jointly to Class Counsel and UBS's counsel which Claim Forms and Exclusion Forms were timely or untimely filed.

41.     The Claims Administrator shall report, in summary or narrative form, the substance of any discrepancies between the dates of employment submitted by the Class Member

1   on the Claim Form and UBS's records.  The Claims Administrator shall be granted reasonable

2   access to UBS's records in order to perform its duties.  In the event of any dispute over a Class

3   Member's dates of employment in a Covered Position, the parties will meet and confer in good

4   faith in an effort to resolve the dispute, and if the parties are unable to reach an agreement, the

5   Claims Administrator shall decide the dispute, and its decision will be final.

6

7           42.     The Claims Administrator will submit a list of timely, non-fraudulent

8   claims and the calculation of the amounts due to each Class Member pursuant to this Settlement.

9

10          43.     The Claims Administrator will timely notify claimants whose claims are

11  untimely or denied for other reasons, *e.g.*, the claimant is not a member of the Class because the

12  claimant did not hold one of the Covered Positions during the Covered Period.

13

14          44.     UBS shall be responsible for issuing the payments and calculating and

15  withholding all required state and federal taxes.  UBS will file proof of payment with the Court

16  and will serve Class Counsel with a copy.

17

18                                  **VI.**
                            **RELEASE OF CLAIMS**

19

20          45.     Released Claims by Class Members.  The Class Members (other than those

21  who file Exclusion Forms) hereby fully and finally release and discharge UBS and its former and

22  present parent, subsidiary, and affiliated corporations and its officers, directors, employees,

23  partners, shareholders and agents, and any other successors, assigns, or legal representatives

24  ("Class Members' Released Parties"), from any and all wage-and-hour claims, rights, demands,

25  liabilities and cause of action of every nature and description, whether known or unknown,

26  arising during the period from June 30, 2000 to the date on which the District Court gives final

27  approval of the Settlement ("Class Members' Released Period"), including without limitation

28  statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs,

CASE NO.  C-04-03525 MMC                    -12-          JOINT STIPULATION OF SETTLEMENT
                                                                        AND RELEASE

1    penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs,

2    restitution, or equitable relief, based on the following categories of allegations: (a) any and all

3    claims for the failure to pay any type of overtime wages; any and all claims for the failure to

4    provide meal and/or rest periods; and/or any and all claims stemming from or based on the

5    alleged misclassification of employees as exempt employees, *i.e.*, employees who are exempt

6    under federal and/or California law from the wage and hour requirements imposed on employees

7    who do not qualify for any exemption, including without limitation the executive, administrative,

8    or professional exemptions set forth in state and federal law; (b) any and all claims alleging the

9    improper assessment of costs, fines,  penalties, chargebacks or settlements on employees,

10   including without limitation claims for improper trading error deductions; and (c) any and all

11   claims for failure to reimburse, indemnify or cover or pay for business costs, including without

12   limitation claims for reimbursement of costs spent on or imposed for any type of business

13   expense or support staff (Class Members' Released Claims).  The Class Members' Released

14   Claims include claims meeting the above definition under any and all applicable statutes,

15   including without limitation the federal Fair Labor Standards Act, the Portal to Portal Act,

16   California Labor Code 96 through 98.2 et seq., the California Payment of Wages Law, and in

17   particular, California Labor Code § 200 et seq., including California Labor Code §§ 200 through

18   243 and §§ 203 and 218 and 218.5 in particular, California Labor Code § 300 et seq.; California

19   Labor Code § 400 et seq.; California Working Hours Law, California Labor Code § 500 et seq.,

20   California Labor Code § 1194; California Labor Code §§ 2802 and 2804; the California Unfair

21   Competition Act, and in particular, California Bus. & Prof Code § 17200 et seq., the California

22   Labor Code Private Attorneys General Act of 2004, codified at California Labor Code §§ 2698

23   through 2699, California Code of Civil Procedure § 1021.5, any other provision of the California

24   Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of

25   their iterations (including without limitation Wage Order 4 and the wage, overtime, meal and rest

26   period, record-keeping, and deduction provisions thereof).

27

28       The parties acknowledge that, during the Class Members' Released Period, certain

1   Class Members may have entered into agreements to repay losses due to trading errors and/or

2   omissions ("Repayment Agreements").  Except for those Class Members who file Exclusion

3   Forms, UBS hereby releases and discharges the Class Members, and each of their heirs,

4   representatives, successors, and assigns, from any and all claims, suits, debts, or demands based

5   upon or arising from such Repayment Agreements.  Furthermore, UBS agrees that, upon entry of

6   the order granting preliminary approval, UBS will refrain from collecting on any such Repayment

7   Agreements unless and until the Settlement is either disapproved by the Court or revoked

8   pursuant to Paragraph 68 below.

9

10      46.    Released Claims by the Class Representatives.  The Class Representatives

11  hereby fully and finally release and discharge UBS and its former and present parent, subsidiary,

12  and affiliated corporations and its officers, directors, employees, partners, shareholders and

13  agents, and any other successors, assigns, or legal representatives ("Class Representatives'

14  Released Parties"), from any and all claims, whether known or unknown, arising during the

15  period from the start of time to the date on which the District Court gives final approval of the

16  Settlement ("Class Representatives' Released Period"), whether under federal, state and/or local

17  law, statute, ordinance, regulation, common law, or other source of law; whether or not such

18  claims are in the nature of claims for damages, unpaid wages, premium pay, deductions,

19  unreimbursed business expenses, waiting-time penalties, or other penalties for overtime, missed

20  meal periods, missed rest breaks, and other alleged wage-and-hour violations, attorneys' fees or

21  injunctive relief; and whether sounding in contract or tort ("Class Representatives' Released

22  Claims").  The Class Representatives' Released Claims include, but are not limited to, claims

23  arising from or dependent on the California Labor Code; the wage orders of the California

24  Industrial Welfare Commission; California Business and Professions Code section 17200 *et seq.*;

25  the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*; the California

26  common law of contract and tort; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et*

27  *seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Employee Retirement

28

1    Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and the Fair Labor Standards Act, 29

2    U.S.C. § 201 *et seq.*

3

4         Class Members' Released Claims and Class Representatives' Released Claims

5    shall be referred to as Released Claims.

6

7         47.    Waiver of California Civil Code Section 1542. It is the desire of the

8    Parties to fully, finally, and forever settle, compromise, and discharge all Class Members'

9    Released Claims which were or which could have been asserted in this Action against UBS,

10   whether known or unknown, liquidated or unliquidated. Each Class Member and Class

11   Representative waives, as to their Released Claims, all rights and benefits afforded by Section

12   1542 of the Civil Code of the State of California ("Section 1542"), and does so understanding the

13   significance of that waiver. Section 1542 provides: "A general release does not extend to claims

14   which the creditor does not know or suspect to exist in his or her favor at the time of executing

15   the release, which if known by him or her must have materially affected his or her settlement with

16   the debtor." As a consequence, the Class Representatives and each Class Member may hereafter

17   discover facts in addition to or different from those which he or she now knows or believes to be

18   true with respect to the subject matter of the Released Claims, but the Class Representatives and

19   each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the

20   Judgment shall have, fully, finally, and forever settled and released any and all Released Claims,

21   known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

22   concealed or hidden, which then exist, or heretofore have existed upon any theory of law or

23   equity now existing or coming into existence in the future, including, but not limited to, conduct

24   which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

25   without regard to the subsequent discovery or existence of such different or additional facts. The

26   Class Representatives acknowledge, and the Class Members shall be deemed by operation of the

27   Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a

28   key element of the settlement of which this release is a part.

CASE NO. C-04-03525 MMC                    -15-              JOINT STIPULATION OF SETTLEMENT
                                                                            AND RELEASE

**VII.**
**DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

48.     The Parties shall submit this Settlement to the Court in support of
Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness,
adequacy, and reasonableness.  Promptly upon execution of this Settlement, the Parties shall
apply to the Court for the entry of an Order Granting Preliminary Approval of the Settlement and
Notice substantially in the following form:

(a)     Scheduling a fairness hearing on the question of whether the
proposed Settlement should be finally approved as fair, reasonable and adequate as to the Class;

(b)     Approving as to form and content the proposed Notice;

(c)     Approving as to form and content the proposed Claim Form and
instructions for UBS employees in the Covered Positions;

(d)     Approving as to form and content the proposed Exclusion Form;

(e)     Directing the mailing of the Notice, the Claim Form and the
Exclusion Form by first class mail to the Class Members;

(f)     Preliminarily approving the Settlement;

(g)     Preliminarily certifying the Class for purposes of Settlement; and

(h)     Approving Dostart Clapp Gordon & Coveney, LLP, the Thierman
Law Firm, PC, Steven L. Miller, Kingsley & Kingsley, APC, and Hoffman & Lazear as Class
Counsel, Jeff Bowman and Lauros Reyes as Class Representatives, and Rust Consulting as the
Claims Administrator.

**VIII.**
**DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

49.     Following final approval by the Court of the Settlement, Class Counsel will
submit a proposed Final Judgment:

1              (a)     Approving the Settlement, adjudging the terms thereof to be fair,

2  reasonable and adequate, and directing consummation of its terms and provisions;

3              (b)     Approving Class Counsel's application for an award of attorneys'

4  fees and reimbursement of costs;

5              (c)     Approving the Class Representatives' service payment;

6              (d)     Certifying the Class for Settlement purposes;

7              (e)     Dismissing this Action on the merits and with prejudice and

8  permanently barring all Class Members (other than those who timely filed Exclusion Forms) from

9  prosecuting against the Class Members' Released Parties any and all Class Members' Released

10  Claims arising during the Class Members' Released Period; and

11             (f)     Permanently barring the Class Representatives from prosecuting

12  against the Class Representative's Released Parties any and all Class Representative's Released

13  Claims arising during the Class Representative's Released Period.

14

15
### IX.
### VOIDING THE AGREEMENT

16

17      50.     If this Settlement is not approved, the Settlement shall not be used nor be

18  admissible in any subsequent proceedings either in this Court or in any other Court or forum.  If

19  there is any reduction in the attorneys' fee award, such reduction may be appealed as set forth

20  below but is not a basis for rendering the entire Settlement voidable and unenforceable.

21
### X.
### PARTIES' AUTHORITY

22

23      51.     The respective signatories to the Settlement represent that they are fully

24  authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

25

26

27

28

CASE NO.  C-04-03525 MMC        -17-        JOINT STIPULATION OF SETTLEMENT
                                                        AND RELEASE

## XI.
## MUTUAL FULL COOPERATION

52.     The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of UBS and its counsel, take all necessary steps to secure the Court's Final Judgment.

53.     UBS agrees that it will not attempt to discourage Class Members from filing Claim Forms.

## XII.
## NO PRIOR ASSIGNMENTS

54.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## XIII.
## NO ADMISSION

55.     Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of UBS, and UBS denies liability therefor.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XIV.
## ENFORCEMENT ACTIONS

56.     In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XV.
## NOTICES

57.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

      (a)    To the Class:
              James F. Clapp, Esq.
              Dostart Clapp Gordon & Coveney, LLP
              4370 La Jolla Village Drive, Suite 970
              San Diego, California 92122

      (b)    To UBS:
              M. Kirby C. Wilcox, Esq.
              Paul, Hastings, Janofsky & Walker LLP
              55 Second Street, 24th Floor
              San Francisco, California 94105

## XVI.
## CONSTRUCTION

58.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or her or its counsel participated in the drafting of this Settlement.

## XVII.
## CAPTIONS AND INTERPRETATIONS

59.     Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

## XVIII.
## MODIFICATION

60.     This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XIX.
## INTEGRATION CLAUSE

61.     This Settlement contains the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.

## XX.
## BINDING ON ASSIGNS

62.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXI.
## CLASS COUNSEL SIGNATORIES

63.     It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Settlement.  The Notice, Exhibit "A", will advise all Class Members of the binding nature of the release.  Excepting only

CASE NO.  C-04-03525 MMC                    -20-                    JOINT STIPULATION OF SETTLEMENT
                                                                                            AND RELEASE

the Class Members who timely submit an Exclusion Form, the Notice shall have the same force and effect as if this Settlement were executed by each Class Member.

## XXII.
## COUNTERPARTS

64. This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

## XXIII.
## RIGHT OF APPEAL

65. The Parties agree to waive appeals with the sole exception that Plaintiffs can appeal a reduction, if any, in the attorneys' fees amount.

## XXIV.
## CLASS CERTIFICATION

66. The Parties agree that the stipulation of Class Certification is for settlement purposes only and if for any reason the settlement is not approved, the Stipulation will be of no force or effect. The Parties agree that certification for settlement purposes is in no way an admission that class certification is proper and that evidence of this stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

## XXV.
## NO SETTLEMENT FUND

67. The Parties agree that California Code of Civil Procedure Section 384 is not applicable. The Parties represent that the Maximum Payment is a settlement amount that takes into account the probability that many Class Members for various reasons will not file claims. The Parties recognize that the settlement amount would have been substantially less if all of it had to be paid. No fund has been created. No obligation to pay Class Members is created until a valid Claim Form is filed. There is thus no residue. Neither Plaintiffs nor their counsel shall take, or cause any other person to take, a position before the Court that California Code of Civil Procedure Section 384 applies to this Settlement.

## XXVI.
## RIGHT OF REVOCATION

68. If more than ten percent (10%) of the Class Members timely submit Exclusion Forms, UBS has the exclusive right to void this Settlement. UBS shall make its election prior to Final Judgment. If the Settlement is not approved or is voided, neither the Class Representatives nor Class Counsel shall be liable for any costs of administration.

DATED: June 23, 2006         PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
                    M. KIRBY C. WILCOX

Attorneys for Defendant
UBS Financial Services Inc.

DATED: June ___, 2006        UBS FINANCIAL SERVICES INC.

By: _____
              [UBS REPRESENTATIVE]
Who is authorized to execute on behalf of UBS Financial
Services Inc.

CASE NO. C-04-03525 MMC                    -22-                    JOINT STIPULATION OF SETTLEMENT
                                                                                    AND RELEASE

## XXV.
## NO SETTLEMENT FUND

67.     The Parties agree that California Code of Civil Procedure Section 384 is not applicable. The Parties represent that the Maximum Payment is a settlement amount that takes into account the probability that many Class Members for various reasons will not file claims. The Parties recognize that the settlement amount would have been substantially less if all of it had to be paid. No fund has been created. No obligation to pay Class Members is created until a valid Claim Form is filed. There is thus no residue. Neither Plaintiffs nor their counsel shall take, or cause any other person to take, a position before the Court that California Code of Civil Procedure Section 384 applies to this Settlement.

## XXVI.
## RIGHT OF REVOCATION

68.     If more than ten percent (10%) of the Class Members timely submit Exclusion Forms, UBS has the exclusive right to void this Settlement. UBS shall make its election prior to Final Judgment. If the Settlement is not approved or is voided, neither the Class Representatives nor Class Counsel shall be liable for any costs of administration.

DATED: June___, 2006          PAUL, HASTINGS, JANOFSKY & WALKER LLP


                              By:_____
                                        M. KIRBY C. WILCOX

                              Attorneys for Defendant
                              UBS Financial Services Inc.

DATED: June 20, 2006          UBS FINANCIAL SERVICES INC.


                              By: _Claudia M. Cohen_____
                                        [UBS REPRESENTATIVE]
                              Who is authorized to execute on behalf of UBS Financial
                              Services Inc.

CASE NO.  C-04-03525 MMC              -22-          JOINT STIPULATION OF SETTLEMENT
                                                            AND RELEASE

## XXV.
## NO SETTLEMENT FUND

67.    The Parties agree that California Code of Civil Procedure Section 384 is not applicable. The Parties represent that the Maximum Payment is a settlement amount that takes into account the probability that many Class Members for various reasons will not file claims. The Parties recognize that the settlement amount would have been substantially less if all of it had to be paid. No fund has been created. No obligation to pay Class Members is created until a valid Claim Form is filed. There is thus no residue. Neither Plaintiffs nor their counsel shall take, or cause any other person to take, a position before the Court that California Code of Civil Procedure Section 384 applies to this Settlement.

## XXVI.
## RIGHT OF REVOCATION

68.    If more than ten percent (10%) of the Class Members timely submit Exclusion Forms, UBS has the exclusive right to void this Settlement. UBS shall make its election prior to Final Judgment. If the Settlement is not approved or is voided, neither the Class Representatives nor Class Counsel shall be liable for any costs of administration.

DATED: June___, 2006          PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:_____
                M. KIRBY C. WILCOX

Attorneys for Defendant
UBS Financial Services Inc.

DATED: June_20_, 2006          UBS FINANCIAL SERVICES INC.


By:_____
                [UBS REPRESENTATIVE]
Who is authorized to execute on behalf of UBS Financial
Services Inc.

CASE NO. C-04-03525 MMC                    -22-              JOINT STIPULATION OF SETTLEMENT
Empfangszeit 21. Juni  3:25                                        AND RELEASE

PAGE 3/3 * RCVD AT 6/21/2006 2:56:45 AM [Pacific Daylight Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:+41 81 415 60 01 * DURATION (mm-ss):01-06

JUN-21-2006 08:48 FROM:USB AG                          TO:PHJW                    P.2

21/06/2006  Case 3:04-cv-03525-MMC   Document 58   Filed 11/22/06   Page 31 of 59  07/07
06/20/2006 16  Case 3:04-cv-03525-MMC   Document 58   Filed 06/21/2006   Page 25 of 50

1   DATED: June ____, 2006          UBS INTERNATIONAL, INC.

2                                   _____
                                    SCOTT NOAH
3                                   By: EXECUTIVE DIRECTOR
                                        CO)
                                    [UBS REPRESENTATIVE]
4                                   Who is authorized to execute on behalf of UBS
                                    International, Inc.
5
    DATED: June ____, 2006          DOSTART CLAPP GORDON & COVENEY, LLP
6

7

8                                   By:_____
                                        JAMES F. CLAPP
9                                   Attorneys for Plaintiffs

    DATED: June ____, 2006          HOFFMAN & LAZEAR
10

11

12                                  By:_____
                                        ARTHUR W. LAZEAR
13                                  Attorneys for Plaintiff

    DATED: June ____, 2006          THIERMAN LAW FIRM
14

15

16                                  By:_____
                                        MARK R. THIERMAN
17                                  Attorneys for Plaintiff

18

19  DATED: June ____, 2006          REPRESENTATIVE PLAINTIFF

20

21                                  By:_____
                                        JEFF BOWMAN
22                                  Representative Plaintiff

23  DATED: June ____, 2006          REPRESENTATIVE PLAINTIFF

24

25                                  By:_____
                                        LAUROS REYES
26                                  Representative Plaintiff

27  LEGAL_US_W # 53671274.5

28

    CASE NO. C-04-03525 MMC            -23-        JOINT STIPULATION OF SETTLEMENT
                                                              AND RELEASE
    Empfangszeit 21. Juni  3:25

1  DATED: June _____, 2006        UBS INTERNATIONAL, INC.

2

3                                 By: _____
                                          [UBS REPRESENTATIVE]
4                                 Who is authorized to execute on behalf of UBS
                                  International, Inc.
5

   DATED: June 21, 2006           DOSTART CLAPP GORDON & COVENEY, LLP
6

7                                 By: _____
8                                          JAMES F. CLAPP
9                                 Attorneys for Plaintiffs

   DATED: June _____, 2006        HOFFMAN & LAZEAR
10

11

12                                By: _____
                                           ARTHUR W. LAZEAR
13                                Attorneys for Plaintiff

14 DATED: June _____, 2006        THIERMAN LAW FIRM

15

16                                By: _____
                                           MARK R. THIERMAN
17                                Attorneys for Plaintiff

18

19 DATED: June 20, 2006           REPRESENTATIVE PLAINTIFF

20

21                                By: _____
                                           JEFF BOWMAN
22                                Representative Plaintiff

23 DATED: June _____, 2006        REPRESENTATIVE PLAINTIFF

24

25                                By: _____
                                           LAUROS REYES
26                                Representative Plaintiff

27 LEGAL_US_W # 53671274.5

28

   CASE NO. C-04-03525 MMC              -23-          JOINT STIPULATION OF SETTLEMENT
                                                              AND RELEASE

PAGE 6/6 * RCVD AT 6/20/2006 3:06:43 PM [Pacific Daylight Time] * SVR:SF-OR-1/4 * DNIS:9998 * CSID:510 835 1311 * DURATION (mm-ss):01-52

Case 3:04-cv-03525-MMC   Document 584   Filed 06/21/2006   Page 33 of 59

DATED: June _____, 2006     UBS INTERNATIONAL, INC.


By: _____
              [UBS REPRESENTATIVE]
Who is authorized to execute on behalf of UBS
International, Inc.

DATED: June _____, 2006     DOSTART CLAPP GORDON & COVENEY, LLP


By: _____
              JAMES F. CLAPP
Attorneys for Plaintiffs

DATED: June 19, 2006     HOFFMAN & LAZEAR


By: _____
              ARTHUR W. LAZEAR
Attorneys for Plaintiff

DATED: June _____, 2006     THIERMAN LAW FIRM


By: _____
              MARK R. THIERMAN
Attorneys for Plaintiff

DATED: June _____, 2006     REPRESENTATIVE PLAINTIFF


By: _____
              JEFF BOWMAN
Representative Plaintiff

DATED: June _____, 2006     REPRESENTATIVE PLAINTIFF


By: _____
              LAUROS REYES
Representative Plaintiff

LEGAL_US_W # 53671274.5

CASE NO.  C-04-03525 MMC       -23-       JOINT STIPULATION OF SETTLEMENT
                                               AND RELEASE

1   DATED:  June _____, 2006          UBS INTERNATIONAL, INC.

2

3                                      By:_____
                                            [UBS REPRESENTATIVE]
4                                      Who is authorized to execute on behalf of UBS
                                       International, Inc.
5
    DATED:  June _____, 2006          DOSTART CLAPP GORDON & COVENEY, LLP
6

7

8                                      By:_____
                                            JAMES F. CLAPP
9                                      Attorneys for Plaintiffs

10  DATED:  June _____, 2006          HOFFMAN & LAZEAR

11

12                                     By:_____
                                            ARTHUR W. LAZEAR
13                                     Attorneys for Plaintiff

14  DATED:  June 2L, 2006             THIERMAN LAW FIRM

15

16                                     By:_____
                                            MARK R. THIERMAN
17                                     Attorneys for Plaintiff

18

19  DATED:  June _____, 2006          REPRESENTATIVE PLAINTIFF

20

21                                     By:_____
                                            JEFF BOWMAN
22                                     Representative Plaintiff

23  DATED:  June _____, 2006          REPRESENTATIVE PLAINTIFF

24

25                                     By:_____
                                            LAUROS REYES
26                                     Representative Plaintiff

27  LEGAL_US_W # 53671274.5

28

    CASE NO.  C-04-03525 MMC              -23-          JOINT STIPULATION OF SETTLEMENT
                                                                AND RELEASE

1  DATED: June _____, 2006          UBS INTERNATIONAL, INC.

2

3                                   By:_____
                                          [UBS REPRESENTATIVE]
4                                   Who is authorized to execute on behalf of UBS
                                    International, Inc.
5
   DATED: June _____, 2006          DOSTART CLAPP GORDON & COVENEY, LLP
6

7

8                                   By:_____
                                          JAMES F. CLAPP
9                                   Attorneys for Plaintiffs

10 DATED: June _____, 2006          HOFFMAN & LAZEAR

11

12                                  By:_____
                                          ARTHUR W. LAZEAR
13                                  Attorneys for Plaintiff

14 DATED: June _____, 2006          THIERMAN LAW FIRM

15

16                                  By:_____
                                          MARK R. THIERMAN
17                                  Attorneys for Plaintiff

18

19 DATED: June _____, 2006          REPRESENTATIVE PLAINTIFF

20

21                                  By:_____
                                          JEFF BOWMAN
22                                  Representative Plaintiff

23 DATED: June  21 , 2006           REPRESENTATIVE PLAINTIFF

24

25                                  By:_____
                                          LAUROS REYES
26                                  Representative Plaintiff

27 LEGAL_US_W # 53671274.5

28

   CASE NO.  C-04-03525 MMC            -23-          JOINT STIPULATION OF SETTLEMENT
                                                            AND RELEASE

EXHIBIT A

1   M. KIRBY C. WILCOX (SB# 78576)  kirbywilcox@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
2   55 Second Street
    Twenty-Fourth Floor
3   San Francisco, CA  94105-3441
    Telephone:  (415) 856-7000
4   Facsimile:  (415) 856-7100

5   Attorneys for Defendant
    UBS FINANCIAL SERVICES INC.
6

7   JAMES F. CLAPP (SB# 145814)                 H. TIM HOFFMAN (SB# 49141)
    DOSTART CLAPP GORDON & COVENEY, LLP         ARTHUR W. LAZEAR (SB# 83603)
8   4370 La Jolla Village Drive, Suite 970      HOFFMAN & LAZEAR
    San Diego, CA  92122                        180 Grand Avenue, Suite 1550
9   Telephone:  (858) 623-4200                  Oakland, CA  94612
    Facsimile:  (858) 623-4299                  Telephone:  (510) 763-5700
10                                              Facsimile:  (510) 835-1311
    MARK R. THIERMAN (SB# 72913)
11  THIERMAN LAW FIRM
    7287 Lakeside Drive, Suite 101
12  Reno, NV  89511
    Telephone:  (775) 284-1500
13  Facsimile:  (775) 703-5027

14
    Attorneys for Plaintiffs
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17

18  JEFF BOWMAN AND LAUROS REYES          CASE NO.  C-04-03525 MMC
    aka LARRY REYES, individually, and on
19  behalf of all others similarly situated,   **NOTICE OF PENDENCY OF CLASS
                                               ACTION, PROPOSED SETTLEMENT
20              Plaintiffs,                     AND HEARING DATE FOR COURT
                                               APPROVAL**
21      vs.

22  UBS FINANCIAL SERVICES, INC. and
    DOES 1 through 50, inclusive,
23
                Defendants.
24

25

26

27

28

    CASE NO.  C-04-03525 MMC                          NOTICE OF PROPOSED CLASS ACTION
    LEGAL_US_E # 70137171.4                           SETTLEMENT FOR UNPAID OVERTIME
                                                      PREMIUMS, ETC.

**TO:   ALL CURRENT AND FORMER EMPLOYEES OF UBS FINANCIAL SERVICES INC. ("UBS") WHO WERE EMPLOYED BY UBS IN THE STATE OF CALIFORNIA AS FINANCIAL ADVISORS (JOB CODE 456) AND/OR NEW FINANCIAL ADVISORS OR FINANCIAL ADVISOR TRAINEES (JOB CODES 226 AND 457) DURING ALL OR PART OF THE PERIOD FROM JUNE 30, 2000 THROUGH [PRELIMINARY APPROVAL DATE].**

**PLEASE READ THIS NOTICE CAREFULLY.**

**If YOU WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT OF THIS CLASS ACTION, YOU NEED TO COMPLETE AND POSTMARK YOUR CLAIM FORM NOT LATER THAN [60 DAYS AFTER MAILING OF NOTICE].**

**IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, OR IF YOU DECIDE NOT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**

**IF YOU INTEND NOT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND POSTMARK YOUR EXCLUSION FORM ON OR BEFORE [60 DAYS AFTER MAILING OF NOTICE], OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.**

Pursuant to the order of the United States District Court for the Northern District of California entered on June 30, 2006, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between the parties in this class action pending in United States District Court for the Northern District of California brought on behalf of all individuals described above (the "Class"). The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only. You have received this notice because UBS records indicate that you are a member of the Class. This notice is designed to inform you of how you can make a claim under the Settlement, comment in favor of the Settlement or object to the Settlement, or elect not to participate in the Settlement. If you do not timely submit an Exclusion Form, and if the Settlement is finally approved by the Court, the Settlement will be binding upon you, even if you object to the Settlement. However, to receive your share of the proceeds to be paid under the Settlement, you

1    must submit a valid and timely Claim Form.

2

3    I.    **BACKGROUND OF THE CASE**

4

5          On June 30, 2004, plaintiff Jeff Bowman commenced a purported class action

6    against UBS in Alameda County Superior Court ("Bowman action").  On October 13, 2004

7    plaintiff Lauros Reyes commenced a purported class action against UBS in Los Angeles County

8    Superior Court ("Reyes action").  On August 23, 2004 UBS filed its answer to the Bowman

9    action, and on January 3, 2005 UBS filed it answer to the Reyes action.  On August 23, 2004

10   UBS removed the Bowman action to the United States District Court for the Northern District of

11   California and moved to consolidate the Bowman action and the Reyes action.  On May 11, 2005

12   the Bowman action and the Reyes action were consolidated into the instant action.

13

14         In the action, plaintiffs allege that they and the Class were misclassified as exempt

15   from the overtime laws and not paid compensation for overtime hours they worked, and that they

16   were owed overtime compensation plus interest and penalties.  They allege that they incurred

17   business-related expenses, that UBS did not reimburse them for those expenses and that UBS

18   unlawfully adjusted their compensation to account for those business expenses.  They also allege

19   that they and the Class were not provided with meal periods.

20

21         UBS denies all of plaintiffs' material allegations.  Specifically, UBS denies that

22   plaintiffs and the Class were misclassified as exempt, and denies that plaintiffs and the Class are

23   owed any compensation for overtime hours, interest, or penalties or for business-related expenses.

24   UBS further denies that it unlawfully adjusted the compensation of the Class to account for those

25   business expenses.  UBS also denies that they were not provided with meal periods.

26

27         After good-faith negotiations presided over by a private mediator on July 11, 2005

28   and then after a full-day of good-faith negotiations on September 28, 2005 between Class Counsel

CASE NO. C-04-03525 MMC                    -3-        NOTICE OF PROPOSED CLASS ACTION
LEGAL_US_E # 70137171.4                               SETTLEMENT FOR UNPAID OVERTIME
                                                                  PREMIUMS, ETC.

1    and counsel for UBS, in which both sides recognized the substantial risk of an adverse result in

2    the action for either side, plaintiffs and UBS agreed to settle the action pursuant to the terms and

3    conditions of the Settlement.

4

5         The Settlement represents a compromise and settlement of highly disputed claims.

6    Nothing in the Settlement is intended to or will be construed as an admission by UBS that

7    plaintiffs' claims in the action have merit or that it has any liability to plaintiffs or the Class on

8    those claims.

9

10        Plaintiffs and UBS, and their counsel, have concluded that the Settlement is

11   advantageous, considering the risks and uncertainties to each side of continued litigation.  The

12   parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and

13   is in the best interests of the members of the Class.

14

15        As a member of the Class, you will participate in the Settlement and, if you submit

16   a valid and timely Claim Form, share in the proceeds to be paid under the Settlement unless you

17   elect not to participate by timely filing an Exclusion Form.

18

19   **II.    SUMMARY OF THE SETTLEMENT**

20

21        The Settlement provides for the following:

22

23        **A.    Who is included in the Settlement?**

24

25        You are included in the Settlement if you meet all of the conditions set forth in the

26   beginning of this notice.  It is estimated that there are approximately 2,800 members of the Class.

27

28

**B.    What will I receive from the Settlement?**

From a Settlement of up to $44,000,000 less (i) Class Counsel's Fees and Expenses, (ii) the Class Representatives' payment, and (iii) the Claims Administrator's fees and costs (the "Class Member Distribution Amount"), UBS will make a settlement payment to each Class Member who submits an approved claim based on the number of months the Class Member worked as a Financial Advisor and/or Financial Advisor Trainee.  For these purposes, months worked are defined to include any month or portion of a month worked during the Covered Period.  The Covered Period is defined as the period from June 30, 2000 to the date on which the District Court gave preliminary approval of the Settlement.  The Settlement Payments will be reduced by applicable tax deductions and withholdings.

In addition to the settlement amount discussed in the preceding paragraph, UBS has agreed to cancel any agreements entered into by Class Members to repay losses or debts due to trading errors or omissions.

**C.    When will I receive my Settlement Payment?**

The Settlement Payments will be paid after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

**D.    What if I do not want to participate in the Settlement?**

You will not be included in the Settlement if you elect not to participate by submitting an Exclusion Form that is provided with this notice and in accordance with the conditions for submitting that form.

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT FOR UNPAID OVERTIME
PREMIUMS, ETC.

**E.**    **What if I do not submit an Exclusion Form but also do not submit a Claim Form?**

You still will be bound by the terms of the Settlement, but you will not receive a Settlement Payment.  To receive your share of the Settlement you must submit a valid and timely Claim Form.

**F.**    **Claims Administrator.**

The Court has appointed Rust Consulting Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402-2469, telephone: 612-359-2000, to act as an independent settlement administrator and to resolve any dispute concerning a Class Member's eligibility to participate in the Settlement and his or her share of the Settlement proceeds.

**G.**    **Release of Claims.**

The Settlement includes a release by Class Members (other than those who file Exclusion Forms) of UBS and its former and present officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns or legal representatives ("Class Members' Released Parties"), from any and all wage-and-hour claims, rights, demands and causes of action of every nature and description, whether known or unknown, arising during the period from June 30, 2000 to the date on which the District Court gives final approval of the Settlement ("Class Members' Released Period"), including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages; any and all claims for the failure to provide meal and/or rest periods; and/or any and all claims stemming from or based on the alleged

CASE NO. C-04-03525 MMC                    -6-                    NOTICE OF PROPOSED CLASS ACTION
LEGAL_US_E # 70137171.4                                          SETTLEMENT FOR UNPAID OVERTIME
                                                                 PREMIUMS, ETC.

1   misclassification of employees as exempt employees, *i.e.*, employees who are exempt under

2   federal and/or California law from the wage and hour requirements imposed on employees who

3   do not qualify for any exemption, including without limitation the executive, administrative, or

4   professional exemptions set forth in state and federal law; (b) any and all claims alleging the

5   improper assessment of costs, fines, penalties, chargebacks or settlements on employees,

6   including without limitation claims for improper trading error deductions; and (c) any and all

7   claims for failure to reimburse, indemnify or cover or pay for business costs, including without

8   limitation claims for reimbursement of costs spent on or imposed for any type of business

9   expense or support staff (Class Members' Released Claims). The Class Members' Released

10  Claims include claims meeting the above definition under any and all applicable statutes,

11  including without limitation the federal Fair Labor Standards Act, the Portal to Portal Act,

12  California Labor Code 96 through 98.2 et seq., the California Payment of Wages Law, and in

13  particular, California Labor Code § 200 et seq., including California Labor Code §§ 200 through

14  243 and §§ 203 and 218 and 218.5 in particular, California Labor Code § 300 et seq.; California

15  Labor Code § 400 et seq.; California Working Hours Law, California Labor Code § 500 et seq.,

16  California Labor Code § 1194; California Labor Code §§ 2802 and 2804; the California Unfair

17  Competition Act, and in particular, California Bus. & Prof Code § 17200 et seq., the California

18  Labor Code Private Attorneys General Act of 2004, codified at California Labor Code §§ 2698

19  through 2699, California Code of Civil Procedure § 1021.5, any other provision of the California

20  Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of

21  their iterations (including without limitation Wage Order 4 and the wage, overtime, meal and rest

22  period, record-keeping, and deduction provisions thereof).

23

24          The parties acknowledge that, during the Class Members' Released Period, certain

25  Class Members may have entered into agreements to repay losses due to trading errors and/or

26  omissions ("Repayment Agreements"). Except for those Class Members who file Exclusion

27  Forms, UBS hereby releases and discharges the Class Members, and each of their heirs,

28  representatives, successors, and assigns, from any and all claims, suits, debts, or demands based

1    upon or arising from such Repayment Agreements. Furthermore, UBS agrees that, upon entry of

2    the order granting preliminary approval, UBS will refrain from collecting on any such Repayment

3    Agreements unless and until the Settlement is either disapproved by the Court or revoked

4    pursuant to Paragraph 68 of the Joint Stipulation and Settlement Agreement.

5

6    **H.    Class Representatives.**

7

8         In addition to their share as Participating Class Members, plaintiffs Jeff Bowman

9    and Lauros Reyes will each be paid $20,000.00 for their services as Class Representatives, as

10   well as their willingness to accept the risk of paying UBS's attorneys' fees and costs in the event

11   of an unsuccessful outcome. This payment will be deducted from the Maximum Payment under

12   the Settlement.

13

14   **I.     Attorneys' Fees.**

15

16        Class Counsel will seek approval from the Court for payment of attorneys' fees in

17   the amount of twenty-five percent (25%) of the total Settlement, or $11,000,000.00, plus up to

18   $100,000.00 in actual litigation costs incurred which, if approved by the Court, will be deducted

19   from the Maximum Payment under the Settlement. Class Counsel believe the amount for costs

20   and attorneys' fees requested is fair and reasonable, and UBS will not oppose their request for

21   that amount.

22

23   **J.     Costs of Administration.**

24

25        The costs of administering the Settlement also will be deducted from the

26   Maximum Payment under the Settlement.

27

28

CASE NO. C-04-03525 MMC                    -8-                    NOTICE OF PROPOSED CLASS ACTION
LEGAL_US_E # 70137171.4                                          SETTLEMENT FOR UNPAID OVERTIME
                                                                 PREMIUMS, ETC.

1  **III.   PLAINTIFFS' AND CLASS COUNSEL'S SUPPORT OF THE SETTLEMENT.**

2

3          Plaintiffs as Class Representatives and Class Counsel support this settlement.

4  Their reasons include the inherent risk of denial of class certification, the risk of a trial on the

5  merits, and the inherent delays and uncertainties associated with litigation.  Based on their

6  experience litigating similar cases, Class Counsel believe that further proceedings in this case,

7  including a trial and probable appeals, would be very expensive and protracted.  No one can

8  confidently predict how the various legal questions at issue, including the amount of damages,

9  would ultimately be resolved.  Therefore, upon careful consideration of all of the facts and

10 circumstances of this case, Class Counsel believe that the Settlement is fair, reasonable, and

11 adequate.

12

13 **IV.    WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

14

15         **A.    Participating in the Settlement.**

16

17         Plaintiffs as Class Representatives and Class Counsel represent your interests as a

18 Class Member.  Unless you elect not to participate in the Settlement by timely filing an Exclusion

19 Form, you are a part of the Class, you will be bound by the terms of the Settlement and any final

20 judgment that may be entered by the Court, and you will be deemed to have released the claims

21 against UBS and the other released parties described above.  As a member of the Class, you will

22 not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses

23 unless you retain your own counsel, in which event you will be responsible for your own

24 attorneys' fees and costs.

25

26

27

28

**B.    Commenting in favor of the Settlement.**

If you wish, you may comment in favor of the Settlement in writing and/or by appearing in person at the final approval hearing, which will be held on October 27, 2006.  To do so, not later than [60 days after mailing of notice], you must submit a written notice of your comments and/or your intent to appear and comment in favor of the Settlement at the final approval hearing.  Your notice should include your full name, address, date of birth, and dates of your employment at UBS.  Send your notice to:

> Office of the Clerk
> United States District Court, Northern District of California
> 450 Golden Gate Avenue
> 16th Floor
> San Francisco, California  94102

> Also send copies of your notice to:

> •    CLASS COUNSEL

> James F. Clapp
> Dostart Clapp Gordon & Coveney, LLP
> 4370 La Jolla Village Drive, Suite 970
> San Diego, CA 92122

> •    DEFENDANT'S COUNSEL

> M. Kirby C. Wilcox
> Paul, Hastings, Janofsky & Walker LLP
> 55 Second Street, 24th Floor
> San Francisco, CA  94105

**DO NOT TELEPHONE THE COURT, DEFENDANT'S COUNSEL, OR UBS.**

1

    **C.**    <u>Objecting to the Settlement.</u>

2

3              You may object to the terms of the Settlement before final approval, either by

4  filing a written objection or filing a notice of your intent to appear and object at the final approval

5  hearing.  However, if the Court rejects your objection, you will still be bound by the terms of the

6  Settlement, unless you also submit an Exclusion Form.  To object, you must send a written notice

7  of objection or a written notice of your intent to appear and object at the final approval hearing to

8  the court and to counsel at the same addresses shown above.  **DO NOT TELEPHONE THE**

9  **COURT, DEFENDANT'S COUNSEL OR UBS.**  Any written objection and/or notice of your

10  intent to appear at the hearing must state each specific reason in support of your objection and any

11  legal support for each objection.  Your written objection and/or notice of your intent to appear at

12  the hearing must also state your full name, address, date of birth, and the dates of your

13  employment at UBS.  To be valid and effective, the Court and Counsel must receive any written

14  objections and/or notices of intent to appear at the hearing not later than [60 days after mailing of

15  notice].  A Class Member who fails to file and serve a written statement of objection in the

16  manner described above and by the specified deadline will be deemed to have waived any

17  objections and will be foreclosed from making any objection (whether by appeal or otherwise) to

18  the Settlement.

19

20      **D.**    <u>Excluding Yourself from the Settlement.</u>

21

22             If you do not wish to participate in the Settlement, you must complete the enclosed

23  Exclusion Form.  To be valid, the Exclusion Form must be completed, signed by you under

24  penalty of perjury, accompanied by a photocopy of your driver's license or other form of

25  government issued picture identification (*e.g.*, passport), and returned to:

26

27           UBS Financial Services Inc. Claims Administrator
              Rust Consulting Inc.

28           625 Marquette Avenue, Suite 880

CASE NO. C-04-03525 MMC      -11-      NOTICE OF PROPOSED CLASS ACTION
LEGAL_US_E # 70137171.4             SETTLEMENT FOR UNPAID OVERTIME
                    PREMIUMS, ETC.

Minneapolis, MN 55402-2469

The Exclusion Form must be postmarked not later than [60 days after mailing of notice]. If the Exclusion Form is sent from within the United States it must be sent through the United States Postal Service via registered or certified mail, with return receipt requested. A Class Member who fails to mail an Exclusion Form in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the Court, and the Judgment, regardless of whether he or she has objected to the Settlement.

Any person who files a complete and timely Exclusion Form will, upon receipt, no longer be a member of the Settlement Class, will be barred from participating in any portion of the Settlement, and will receive no benefits from the Settlement. Any such person, at his or her own expense, may pursue any claims he or she may have against UBS, its affiliates, predecessor, or acquired companies.

E.    **Claiming a Share of the Settlement Proceeds.**

To receive a share of the Settlement proceeds, you must sign the enclosed Claim Form and return it to:

UBS Financial Services Inc. Claims Administrator
Rust Consulting Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN 55402-2469

To be valid, the Claim Form must be completed in full, signed by you under penalty of perjury, accompanied by a photocopy of your driver's license or other form of government issued picture identification (*e.g.*, passport). The Claim Form must be postmarked not later than [60 days after mailing of notice]. A Class Member who fails to mail a Claim Form

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT FOR UNPAID OVERTIME
PREMIUMS, ETC.

1   in the manner and by the deadline specified above will not receive a share of the Settlement

2   proceeds. If that Class Member also fails to file a valid and timely Exclusion Form, the Class

3   Member is bound by all terms and conditions of the Settlement, if the Settlement is approved by

4   the Court, and the Judgment, even though the Class Member did not receive a share of the

5   Settlement Proceeds.

6

7   **V.    FINAL SETTLEMENT APPROVAL HEARING**

8

9           The Court will hold a final approval hearing in Courtroom 7, 19th Floor of the

10  United States District Court, 450 Golden Gate Avenue, 19th Floor, San Francisco, California

11  94102, on October 27, 2006, at 9:00 a.m., to determine whether the settlement should be finally

12  approved as fair, reasonable, and adequate. The Court will also be asked to approve Class

13  Counsel's request for costs and attorneys' fees and the special payment made to plaintiffs as the

14  Class Representatives. Class Counsel are seeking approval of a total of not more than

15  $11,100,000.00 in costs and attorneys' fees incurred or to be incurred.

16

17          The hearing may be postponed without further notice to the Class. It is not

18  necessary for you to appear at this hearing. If you have given notice of your comments in favor

19  of the settlement, or your objection to the settlement, you may appear at the hearing at your

20  option so long as you have filed a notice of intent to appear by [60 days after mailing of notice].

21

22  **VI.   GETTING MORE INFORMATION**

23

24          The above is a summary of the basic terms of the Settlement. For the precise

25  terms and conditions of the Settlement, you are referred to the detailed Joint Stipulation of

26  Settlement and Release Between Plaintiffs and Defendant, which will be on file with the Clerk of

27  the Court. The pleadings and other records in this litigation including the Settlement Agreement,

28  may be examined at any time during regular business hours in the United States District Court,

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT FOR UNPAID OVERTIME
PREMIUMS, ETC.

1  450 Golden Gate Avenue, 19th Floor, San Francisco, California, or you may contact Class

2  Counsel or the Claims Administrator. **PLEASE DO NOT TELEPHONE THE COURT,**

3  **DEFENDANT'S COUNSEL OR UBS FOR INFORMATION REGARDING THIS**

4  **SETTLEMENT OR THE CLAIM PROCESS!**

EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF BOWMAN AND LAUROS REYES
aka LARRY REYES , individually, and on
behalf of all others similarly situated,

           Plaintiffs,

   vs.

UBS FINANCIAL SERVICES INC., and
DOES 1 through 50, inclusive,

           Defendants.

CASE NO. C-04-03525 MMC

**CLAIM FORM**

---

**IF YOU WANT TO RECEIVE YOUR SHARE OF THIS CLASS ACTION
SETTLEMENT, COMPLETE THIS FORM IN ITS ENTIRETY, SIGN THE FORM
UNDER PENALTY OF PERJURY, ENCLOSE A PHOTOCOPY OF YOUR DRIVER'S
LICENSE OR OTHER FORM OF GOVERNMENT ISSUED PICTURE
IDENTIFICATION (*E.G.*, PASSPORT), AND MAIL IT TO THE ADDRESS BELOW,
POSTMARKED NOT LATER THAN [60 DAYS AFTER MAILING OF NOTICE].**

UBS Financial Services Inc. Claims Administrator
Rust Consulting Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN 55402-2469

---

I declare as follows:

     I received notice of the proposed settlement in this action and I wish to receive my share of the proposed settlement.

     (1)    During all or part of the period from June 30, 2000, through the date I submit this form, I was employed by UBS Financial Services Inc. ("UBS"), in the State of California as a Financial Advisor and/or New Financial Advisor or Financial Advisor Trainee for the following work months (check only one):

       ☐    I agree with UBS's records that I worked a total of _____ months as a Financial Advisor and/or New Financial Advisor or Financial Advisor Trainee during the

CASE NO. C-04-03525 MMC

CLAIM FORM

1    time period June 30, 2000 through [the date of preliminary approval].

2    ☐    I disagree with UBS's records and instead contend that I worked a total of _____

3    months as a Financial Advisor and/or New Financial Advisor or Financial Advisor

4    Trainee during the time period June 30, 2000 through [the date of preliminary

5    approval].

6

7    (2)    While employed by UBS as a Financial Advisor and/or New Financial Advisor or

8    Financial Advisor Trainee during the time period June 30, 2000 through the date I submit this

9    response, I worked in excess of 8 hours per day (not including meal periods) or in excess of 40

10    hours per week (not including meal periods).

11

12    (3)    While employed by UBS as a Financial Advisor and/or New Financial Advisor or

13    Financial Advisor Trainee during the time period June 30, 2000 through the date I submit this

14    response, I incurred business-related expenses for which I did not receive reimbursement.

15

16    Executed on _____, 2006, at _____.

17    I declare under penalty of perjury that the foregoing and the information provided below

18    is true and correct.

19

20    _____
                        (Signature)

21    _____
                    (Typed or Printed Name)

22
23    _____
                        (Address)

24    _____
                    (City, State, Zip Code)

25    _____
            (Telephone Number, Including Area Code)

26
27    _____
                (Social Security Number)

28

CASE NO. C-04-03525 MMC                    -2-                    CLAIM FORM
LEGAL_US_E # 70137171.4

EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BOWMAN AND LAUROS REYES aka LARRY REYES , individually, and on behalf of all others similarly situated, | CASE NO.  C-04-03525 MMC |
| Plaintiffs, | **EXCLUSION FORM** |
| vs. | |
| UBS FINANCIAL SERVICES INC., and DOES 1 through 50, inclusive, | |
| Defendants. | |

---

**IF YOU WANT TO BE INCLUDED IN THIS CLASS ACTION SETTLEMENT, *DO NOT* FILL OUT THIS FORM.**

**IF YOU DO *NOT* WANT TO BE INCLUDED IN THE SETTLEMENT, COMPLETE THIS FORM IN ITS ENTIRETY, SIGN THE FORM UNDER PENALTY OF PERJURY, ENCLOSE A PHOTOCOPY OF YOUR DRIVER'S LICENSE OR OTHER FORM OF GOVERNMENT ISSUED PICTURE IDENTIFICATION (E.G., PASSPORT) AND MAIL IT TO THE ADDRESS BELOW, POSTMARKED NOT LATER THAN [60 DAYS AFTER MAILING OF NOTICE].**

UBS Financial Services Inc. Claims Administrator
Rust Consulting Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN 55402-2469

---

I declare as follows:

I was employed by UBS Financial Services Inc. ("UBS"), in the State of California as a Financial Advisor and/or New Financial Advisor or Financial Advisor Trainee during all or part of the period from June 30, 2000, through the date I submit this response.  I received notice of the proposed settlement in this action, and I wish to be excluded from the class and ***not*** to participate in the proposed settlement.

Dated: _____, 2006. _____
                                                    (Signature)

                                          _____
                                               (Typed or Printed Name)

                                          _____
                                                    (Address)

                                          _____
                                              (City, State, Zip Code)

                                          _____
                                        (Telephone Number, Including Area Code)

                                          _____
                                            (Social Security Number)

**EXHIBIT B**

UBSBowman - Opt-Outs

| RustID | OP Number | Received Date | Postmark Date | Signed | Signed Date | Printed Name | Source Months | First Name | Last Name | City | State |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 00000994 | OP000002 | 8/1/2006 | 7/28/2006 | Y | 7/28/2006 | STEPHEN A MANELSKI | 58 | STEPHEN A. | MANELSKI | CLOVIS | CA |
| 00009102 | OP000003 | 8/1/2006 | 7/29/2006 | Y | 7/27/2006 | JAMES J SHEA | 72 | JAMES JOSEPH | SHEA | SAN DIEGO | CA |
| 00002530 | OP000004 | 8/3/2006 | 7/31/2006 | Y | 7/28/2006 | MAURICE H LAUMAILLET | 9 | MAURICE H. | LAUMAILLET | NORTHRIDGE | CA |
| 00018685 | OP000005 | 8/3/2006 | 7/29/2006 | Y | 7/27/2006 | JOANNA HSIEH | 5 | JOANNA | HSIEH | TUSTIN | CA |
| 00023979 | OP000006 | 8/7/2006 | 8/3/2006 | Y | 8/2/2006 | STUART C POYTRESS | 10 | STUART C. | POYTRESS | CLOVIS | CA |
| 00012294 | OP000007 | 8/7/2006 | 8/3/2006 | Y | 8/3/2006 | KENNETH COBURN | 25 | KENNETH | COBURN | LIVERMORE | CA |
| 00028295 | OP000008 | 8/9/2006 | 8/7/2006 | Y | 8/7/2006 | CONNIE CHENG | 72 | CONNIE HONG | CHENG | SAN DIEGO | CA |
| 00001793 | OP000009 | 8/10/2006 | 8/7/2006 | Y | 8/5/2006 | KIER DE LEO | 1 | KIER DAVID | DE LEO | LONG BEACH | CA |
| 00017763 | OP000010 | 8/11/2006 | 8/8/2006 | Y | 8/3/2006 | MARTY SMITH (TO EXECUTOR | 34 | MARK P | SMITH | MENLO PARK | CA |
| 00016919 | OP000011 | 8/14/2006 | 8/9/2006 | Y | 7/31/2006 | NATALIE C DEANDA | 11 | NATALIE | DE ANDA | LOS ANGELES | CA |
| 00017893 | OP000012 | 8/18/2006 | 8/15/2006 | Y | 8/14/2006 | V. OFNER FOR S. OFNER | 22 | SHELLEY ANN | OFNER | OCEANSIDE | CA |
| 00023382 | OP000013 | 8/25/2006 | 8/22/2006 | Y | 7/29/2006 | COREY QUINN | 5 | COREY K | QUINN | LOS ANGELES | CA |
| 00009072 | OP000014 | 8/25/2006 | 8/22/2006 | Y | 7/30/2006 | LIZBETH BERG | 1 | LIZBETH | SHAVER-BERG | QUARTZ HILL | CA |
| 00000901 | OP000015 | 8/29/2006 | 8/26/2006 | Y | 8/7/2006 | GEORGI ELLEN PIRONE | 6 | GEORGI ELLEN | PIRONE | MILL VALLEY | CA |
| 00022200 | OP000016 | 8/31/2006 | 8/28/2006 | Y | 8/4/2006 | DAVID WAISBEIN | 67 | DAVID | WAISBEIN | FOSTER CITY | CA |
| 00014984 | OP000017 | 9/11/2006 | 9/6/2006 | Y | 8/23/2006 | FRANKLIN F MOULTON | 68 | FRANKLIN F. | MOULTON | LOS ANGELES | CA |
| 00002615 | OP000019 | 9/14/2006 | 9/11/2006 | Y | 9/11/2006 | TODD KNAPP | 4 | TODD | KNAPP | SALINAS | CA |
| 00003865 | OP000020 | 9/18/2006 | 9/13/2006 | Y | 8/14/2006 | GARY GRAY | 13 | GARY EDWIN | GRAY | SAN DIEGO | CA |
| 00006996 | OP000021 | 9/18/2006 | 9/14/2006 | Y | 9/13/2006 | M KENNETH POWELL JR. | 72 | M KENNETH | PENWELL, JR. | PIEDMONT | CA |
| 00024471 | OP000022 | 9/21/2006 | 9/18/2006 | Y | 9/18/2006 | MICHAEL FRANKFURTER | 13 | MICHAEL | FRANKFURTER | OAK PARK | CA |
| 00011716 | OP000023 | 9/22/2006 | | Y | 9/20/2006 | ANGELI A FORSTER | 41 | ANGELI | FORSTER | SAN DIEGO | CA |
| 00004077 | OP000024 | 9/22/2006 | 9/18/2006 | Y | 9/18/2006 | ROBERT L BAUMANN | 8 | ROBERT | BAUMAN | CULVER CITY | CA |
| 00007375 | OP000025 | 9/26/2006 | 9/18/2006 | Y | 9/19/2006 | SYLVIA K SZABO-LARSON | 39 | SYLVIA K. | SZABO-LARSON | DOVE CANYON | CA |

549720732

**PROOF OF SERVICE BY MAIL**

1

2      I am a citizen of the United States and employed in San Francisco County, California.  I

3 am over the age of eighteen years and not a party to the within-entitled action.  My business

4 address is 55 Second Street, Twenty-Fourth Floor, San Francisco, California  94105-3441.  I am

5 readily familiar with this firm's practice for collection and processing of correspondence for

6 mailing with the United States Postal Service.  On November 21, 2006, I placed with this firm at

7 the above address for deposit with the United States Postal Service a true and correct copy of the

8 within document(s):

9           [PROPOSED] ORDER GRANTING PLAINTIFFS' AND
            DEFENDANT'S MOTIONS FOR FINAL APPROVAL OF
10          SETTLEMENT AND AWARDING ATTORNEY'S FEES,
            LITIGATION EXPENSES AND ENHANCEMENT PAYMENTS
11
   in a sealed envelope, postage fully paid, addressed as follows:
12
           Steven L. Miller
13         City National Bank Building
           16133 Ventura Boulevard, Suite 1200
14         Encino, CA  91436

15      Following ordinary business practices, the envelope was sealed and placed for collection

16 and mailing on this date, and would, in the ordinary course of business, be deposited with the

17 United States Postal Service on this date.

18      I declare that I am employed in the office of a member of the bar of this court at whose

19 direction the service was made.

20      Executed on November 21, 2006, at San Francisco, California.

21

22                                    _____
23                                              Janet M. Gogna

24

25

26

27

28

Case No. C-04-03525 MMC                          [PROPOSED] ORDER GRANTING MOTIONS
                                                 FOR FINAL APPROVAL OF SETTLEMENT