United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BOWMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>    Defendant.<br>_____/<br>JOSEPH GLASS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UBS FINANCIAL SERVICES, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C-04-3525 MMC<br><br><br><br><br><br><br><br>No. C-06-4068 MMC<br><br>**ORDER DENYING ANTHONY DARIA'S MOTION TO STRIKE MOTIONS TO REFER COUNSEL TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT: GRANTING REQUEST TO FILE UNDER SEAL**<br><br>(Docket No. 174 in Case No. 04-3525; Docket No. 256 in Case No. 06-4068) |

     Before the Court is the "Motion of Anthony D'Aria ["D'Aria"] and His Counsel to Strike (1) Bowman Plaintiffs' and (2) Glass Plaintiffs' Memoranda of Points and Authorities to Refer Attorneys to Standing Committee on Professional Conduct," filed March 8, 2007, by which D'Aria seeks an order striking in their entirety the motions to refer D'Aria's counsel to the Standing Committee on Professional Conduct filed, respectively, by class counsel in the above-titled actions; in the alternative, D'Aria seeks an order directing that the papers filed in support of and in opposition to said motions be filed under seal.

     Having reviewed the papers filed in support of the instant motion to strike, the Court finds no reason to require plaintiffs or defendants to file a response.  D'Aria's reliance on Rule 12(f) of the Federal Rules of Civil Procedure is misplaced, as said Rule concerns the

content of "pleadings" not motions, and, in any event, D'Aria has not demonstrated that the motions are "redundant, immaterial, impertinent or scandalous." See Fed. R. Civ. P. 12(f). Although, as D'Aria points out, the Civil Local Rules of this District do not expressly provide for the filing of such motions, the Court takes allegations of attorney misconduct seriously and consequently, will deny the motion to strike. In light of this District's provision for confidentiality of matters referred to the Standing Committee on Professional Conduct, see Civil L.R. 11-7(c), however, the Court will grant the alternative request for filing under seal.

Accordingly, for the reasons set forth above,

1. D'Aria's motion to strike is hereby DENIED.

2. D'Aria's alternative request for filing under seal is hereby GRANTED;

    a. all future filings in support of and in opposition to the above-described motions seeking referral of D'Aria's counsel to the Standing Committee on Professional Conduct shall be filed under seal.

    b. the Clerk shall remove the following electronically-filed documents from the public docket: Docket Nos. 170, 171, and 172 in Case No. 04-3525, and Docket Nos. 249, 250, and 251 in Case No. 06-4068.

    c. plaintiffs shall manually file, no later than March 22, 2007, new copies of Docket Nos. 170, 171, and 172 in Case No. 04-3525, and Docket Nos. 249, 250, and 251 in Case No. 06-4068, to be filed under seal as of the date of the original filings.

This order terminates Docket No. 174 in Case No. 04-3525 and Docket No. 256 in Case No. 06-4068.

**IT IS SO ORDERED.**

Dated: March 15, 2007

MAXINE M. CHESNEY  
United States District Judge

2