IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BOWMAN, et al., | No. C-04-3525 MMC |
| Plaintiffs, | **ORDER DENYING KRENZIN AND ZURN'S MOTION TO CONFIRM STATUS AS NON-CLASS MEMBERS OR, ALTERNATIVELY, FOR ENLARGEMENT OF TIME TO OPT OUT OF CLASS; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO ENFORCE FINAL ORDER APPROVING JOINT STIPULATION OF SETTLEMENT AND RELEASE; VACATING HEARING** |
| v. | |
| UBS FINANCIAL SERVICES, INC., | |
| Defendant. | |
| / | (Docket Nos. 208, 222) |

   Before the Court is (1) the motion filed April 13, 2007 by Randall L. Krenzin ("Krenzin") and William R. Zurn ("Zurn") to confirm their asserted status as non-class members or, in the alternative, for an enlargement of time to opt out of the class settlement in the instant action; and (2) the motion filed March 27, 2007 by defendant UBS Financial Services, Inc. ("UBS") to enforce the final order approving the joint stipulation of settlement and release. UBS has filed opposition to Krenzin's and Zurn's motion; Krenzin and Zurn have filed a reply. Krenzin and Zurn have filed opposition to UBS's motion; UBS has filed a reply. Having considered the papers filed in support of and in opposition to the motions, the Court finds the matters appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the May 18, 2007 hearing, and rules as follows:

**A. Krenzin's and Zurn's Motion**

1. To the extent Krenzin and Zurn move to "confirm their status as non-class members," (See Krenzin and Zurn motion at 1:3), the motion is hereby DENIED, for the following reasons.

    a. The Court finds unpersuasive Krenzin and Zurn's argument that the "Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval" ("Class Notice") sent to class members did not satisfy due process. Krenzin and Zurn contend the Class Notice failed to notify them that their failure to file an exclusion form would bar the continued litigation of any wage-and-hour claim they previously filed against UBS in NASD arbitrations Nos. 02-07522 and 02-07863. The Class Notice expressly states, "If you do not timely submit an Exclusion Form, and if the Settlement is finally approved by the Court, the Settlement will be binding upon you." (See Wilcox Decl. Ex. 2 at Ex. 1 (Class Notice) at 2:6-7.) The Class Notice further provides, "The Settlement includes a release by Class Members (other than those who file Exclusion Forms) of UBS and its former and present officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns or legal representatives ('Class Members' Released Parties') from any and all wage-and-hour claims, rights, demands and causes of action of every nature and description, whether known or unknown, arising during the period from June 30, 2000 to the date on which the District Court gives final approval of the Settlement," and emphasizes that "[u]nless you elect not to participate in the Settlement by timely filing an Exclusion Form, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against UBS and the other released parties described above." (See id. at 7:3-9, 10:4-7.)

Such language clearly notified the class members that "any and all" wage-and-hour claims arising during the class period would be released by the settlement, with no exception for any such claims that already had been asserted against UBS in separate litigation. The language of the Class Notice thus is distinguishable from the notice found to

1  violate due process in McCubbrey v. Boise Cascade Home & Land Corp., 71 F.R.D. 62
2  (N.D. Cal. 1976), which notice the district court characterized as "suggest[ing] that inaction
3  will result in barring future litigation, not automatic termination of present suits[.]" See id. at
4  68.[1]  Here, unlike the notice at issue in McCubbrey, the Class Notice complies with the due
5  process requirement that "the options available to class members and the consequences of
6  their elections be detailed with sufficient clarity to afford absent members a realistic
7  opportunity to evaluate alternative options available to them."  See McCubbrey, 71 F.R.D.
8  at 67.

9         b.  The Court finds unpersuasive Krenzin's and Zurn's argument that, despite
10 their failure to submit exclusion forms, their conduct prior to the September 22, 2006
11 deadline demonstrated an intent to opt out of the class.  With respect to Krenzin, even
12 assuming, arguendo, his initial counterclaim against UBS, filed pro se in the NASD
13 arbitration in May 2006, in fact asserted the type of wage-and-hour claims described in the
14 Class Notice release, such filing is of no avail with respect to the instant motion.  "[T]he
15 mere pendency and continued prosecution of a separate suit, which the litigant instituted
16 before commencement of the 'opt-out' period in a related class action, neither registers nor
17 preserves a litigant's election to 'opt out' of the related class action."  See, e.g., Demint v.
18 NationsBank Corp., 208 F.R.D. 639, 641 (M.D. Fla. 2002) (emphasis in original); In re
19 Prudential Securities Inc. Ltd. Partnerships Litigation, 164 F.R.D. 362, 370 (S.D.N.Y. 1996)
20 ("It is well-established that pendency of an individual action does not excuse a class
21 member from filing a valid request for exclusion.") (internal quotation and citation omitted);
22 Holmes v. CSX Transportation, 1999 WL 447087 (E.D. La. 1999) ("Simply continuing with
23 the present lawsuit, in a different court than the class action suit, is not sufficient to provide
24 the court with notice of plaintiff's intent to opt-out of the class."); cf. McCubbrey, 71 F.R.D.
25 at 69 (holding filing of suit during opt-out period "constituted an effective expression of a
26 class member's desire to opt out").  With respect to Zurn, the evidence is undisputed that
27

28     [1] The language of the Class Notice at issue in McCubbrey is not quoted therein.

3

1  Zurn did not even attempt to assert a cause of action against UBS in the NASD arbitration
2  until March 2007, long after the September 22, 2006 deadline to file an exclusion form.

      2. To the extent Krenzin and Zurn move for a retroactive extension of the deadline to opt out of the class, the motion is hereby DENIED.

      Although the Court has "discretion to extend a class member's time to opt out" if the class member makes a showing of "'excusable neglect' or good cause for the belated request," see Silber v. Mabon, 18 F.3d 1449, 1454-55 (9th Cir. 1994), here, there is no such justification for the requested extension. Plaintiffs concede they received the Class Notice in August 2006, roughly a month before the September 22, 2006 deadline to file an exclusion form. (See Krenzin Decl. ¶ 8; Zurn Decl. ¶ 8.) Because the Class Notice, as discussed above, clearly notified class members that their failure to file an exclusion form would result in the release of all wage-and-hour claims, whether known or unknown, arising during the class period, Krenzin and Zurn could not reasonably have interpreted the Class Notice as having no effect on their pending arbitrations with UBS. See, e.g., Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 886-87 (9th Cir. 2001) (holding failure to comprehend clear court order not excusable neglect); In re Gypsum Antitrust Cases, 565 F.2d 1123, 1126 and n.1 (9th Cir. 1977) (finding failure to submit timely claim not excusable where class notice was clear); In re Trutwein, 2007 WL 987273 at *4 (Bnkr. D. Ariz. Apr. 2, 2007) (holding failure to understand "clear and unambiguous" court notice not excusable neglect); cf. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 398 (1994) (finding excusable neglect where counsel failed to meet deadline set forth in "peculiar and inconspicuous" location in "unusual" court notice).

      Although there is no showing that Krenzin or Zurn acted in bad faith by failing to file an exclusion form, and no suggestion that the class settlement would be affected if Krenzin and Zurn were permitted to opt out, defendants nonetheless would be prejudiced were the Court to permit Krenzin and Zurn to opt out at this late date, because UBS will have to expend resources defending against claims that it reasonably understood were foreclosed by the Court's order of November 22, 2006 granting final approval to the settlement. See,

e.g., Pioneer, 507 U.S. at 395 (holding determination of "excusable neglect" requires "taking account of all relevant circumstances surrounding the party's omission," including, inter alia, danger of prejudice to opposing party, reasons for movant's delay, and whether movant acted in good faith); see also Silber, 18 F.3d at 1455 (holding court, in ruling on motion to extend time to opt out of settlement, should consider, inter alia, "whether allowing a belated opt out would affect either the settlement or the finality of the judgment"). As the Ninth Circuit has observed, "in the distribution of a large class action settlement fund, a cutoff date is essential and at some point the matter must be terminated." See In re Gypsum Antitrust Cases, 565 F.2d at 1127. In sum, because Krenzin and Zurn each timely received the class notice notifying them of the release of claims that would occur if they did not file a timely exclusion form, and failed to do so, and because UBS would be prejudiced if Krenzin and Zurn were permitted to opt out of the settlement at this late date, Krenzin and Zurn have not set forth excusable neglect or good cause sufficient to justify granting their motion for a retroactive extension of time to opt out of the settlement. See, e.g., In re Gypsum Antitrust Cases, 565 F.2d at 1127-28 (affirming district court's rejection of late claim); In re Prudential Securities Inc. Ltd. Partnerships Litigation, 164 F.R.D. 362, 370-71 (S.D.N.Y. 1996) (denying leave for extension of time to opt out of class settlement; rejecting contention that class notice did not adequately inform movants that their claims were released by settlement; finding defendant would suffer "severe prejudice" if extension were granted); Georgine v. Amchem Products, Inc., 1995 WL 251402 at *7-8 (E.D. Pa. 1995) (denying motion to extend opt-out deadline where movants timely received notice of opt-out deadline and defendants would be prejudice because "financial certainty" they sought to achieve by entering into settlement would be undermined by having to litigate additional claims).

### A. UBS's Motion

1. UBS's motion to enforce the Court's final order of November 22, 2006 approving the joint stipulation of settlement and release is hereby GRANTED in part and DENIED in part, as follows:

1   UBS has demonstrated its entitlement to an order enjoining Krenzin and Zurn from arbitrating the first nine causes of action set forth in their respective counterclaims in the NASD arbitrations, but only to the extent such causes of action arose during the class period.  See, e.g., S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685, 688 (9th Cir. 1981) (holding district court has jurisdiction under All Writs Act, 28 U.S.C. § 1651(a), to enjoin attempted relitigation of claim resolved in settlement).  As noted, the settlement releases "any and all wage-and-hour claims, rights, demands and causes of action of every nature and description, whether known or unknown, arising during the period from June 30, 2000 to the date on which the District Court gives final approval of the Settlement." (See Wilcox Decl. Ex. 2 at Ex. 1 (Class Notice) at 7:3-9.)  The first nine causes of action set forth in Krenzin's counterclaim, dated January 10, 2007, (see Krenzin Decl. Ex. 4 ¶¶ 12-39), and the first nine causes of action set forth in Zurn's counterclaim, dated March 21, 2007, (see Zurn Decl. Ex. 4 ¶¶ 11-38), all assert claims that fall squarely within the release set forth in the instant class action settlement.  It is not clear, however, that Krenzin and Zurn are asserting therein claims that arose only during the class period.  Krenzin alleges he began working for UBS in 1998, (see Krenzin Decl. Ex. 4 ¶ 1), and Zurn alleges he began working for UBS in 1999, (see Zurn Decl. Ex. 4 ¶ 1); neither sets forth the specific time(s) at which the asserted violations are alleged to have occurred.  The Court thus will enjoin Krenzin and Zurn from pursuing such causes of action only to the extent such claims are based on events arising during the class period.

Accordingly, the motion is GRANTED and Krenzin and Zurn are ENJOINED from pursuing the first nine causes of action as set forth in their counterclaims in NASD arbitrations Nos. 02-07522 and 02-07863, respectively, to the extent such causes of action are based on events arising on or after June 30, 2000.  To the extent such causes of action are based on events arising prior to June 30, 2000, the motion is DENIED.

2. The Joint Stipulation of Settlement and Release in the instant action provides: "In the event that one or more of the Parties institutes any legal action . . . against any other party or parties to enforce the provisions of th[e] Settlement or to declare rights and/or

obligations under th[e] Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs . . . incurred in connection with any enforcement action." (See Lee Decl. Ex. 1 ¶ 56.) As UBS has prevailed with respect to the instant motions, it is entitled, pursuant to the terms of the Settlement, to recover from Krenzin and Zurn the reasonable fees and costs UBS incurred in litigating the instant motions. UBS shall filed its motion for attorneys' fees and costs no later than June 1, 2007.

This order terminates Docket Nos. 208 and 222.

**IT IS SO ORDERED.**

Dated: May 17, 2007

MAXINE M. CHESNEY
United States District Judge