M. KIRBY C. WILCOX (SB# 78576)  kirbywilcox@paulhastings.com
MOLLY HARCOS (SB #233556)  mollyharcos@paulhastings.com
ANDREA M. LINDEMANN (SB# 244937)  andrealindemann@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

MICHAEL D. LEE (Admitted *Pro Hac Vice*)
SCHUYLER, ROCHE & ZWIRNER, P.C.
mdlee@srzlaw.com
One Prudential Plaza, Suite 3800
130 East Randolph Street
Chicago, IL 60601
Telephone:  (312) 565-2400
Facsimile:  (312) 565-8300

Attorneys for Defendant
UBS FINANCIAL SERVICES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFF BOWMAN AND LAUROS REYES aka LARRY REYES, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UBS FINANCIAL SERVICES INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. C-04-03525 MMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: August 17, 2007<br>Time: 9:00 a.m.<br>Courtroom: 7<br>Judge: Hon. Maxine M. Chesney |

# NOTICE

PLEASE TAKE NOTICE that on, August 17, 2007, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Maxine M. Chesney in Courtroom 7, 19th Floor, of the United Stated District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, UBS Financial Services Inc. ("UBS") will move for an award of attorneys' fees and costs against Plaintiffs Krenzin and Zurn pursuant to the Joint Stipulation of Settlement and Release Between Plaintiffs and Jeff Bowman and Lauros Reyes and Defendant UBS Financial Services Inc. (Docket 58) and the May 17th Order Denying Krenzin and Zurn's Motion to Confirm Status as Non-Class Members . . . Granting in Part and Denying in Part Defendant's Motion to Enforce Final Order Approving Joint Stipulation . . . . (Docket No. 250). While UBS has noticed a hearing date above, it respectfully requests that the Court rule on this motion on the pleadings alone and without a hearing.

This Motion is made pursuant to Local Rule 54-6. UBS's counsel met and conferred with Plaintiff's counsel on May 31st, pursuant to Local Rule 54-6(b)(1). *See* Declaration of Molly Harcos ¶ 17.

This motion is based on this Notice of Motion and Memorandum of Points and Authorities in support of the motion, the Declarations of Mike Lee and Molly Harcos, the pleadings, records, and papers of file in this action, and such further evidence and argument as may properly be presented at or before the hearing on this matter.

Case No. C-04-03525 MMC -1- DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In March 2007, UBS Financial Services Inc. ("UBS") filed a Motion to Enforce the Final Order Approving the Joint Stipulation of Settlement and Release (Docket 193), seeking to enjoin Randall Krenzin ("Krenzin") and William Zurn ("Zurn"), from re-litigating wage and hour claims that they released pursuant to the Joint Stipulation of Settlement and Release in *Bowman* (Docket 58) ("Joint Stipulation") which this Court approved on November 22, 2006.[1] In addition, on April 13th, Krenzin and Zurn filed a Motion to Confirm Status as Non-Class Member (Docket 222) arguing that they were not bound by the *Bowman* settlement.

These matters came before Judge Chesney on May 17, 2007. The Court denied Krenzin and Zurn's Motion and granted Defendant's Motion to the extent the causes of action in question arose during the class period. Order Denying Krenzin and Zurn's Motion to Confirm Status as Non-Class Members or, Alternatively, For Enlargement of Time to Opt Out of Class; Granting in Part and Denying in Part Defendant's Motion to Enforce Final Order Approving Joint Stipulation of Settlement and Release; Vacating Hearing (Docket No. 250) 2:2-3, 6:1-4 ("Order"). As the court recognized in its Order, UBS is entitled to attorneys' fees for which it now moves the Court. *Id.* at 6:26-7:7.

## II. THE JOINT STIPULATION MANDATES ATTORNEYS' FEES IN THIS ACTION

The Joint Stipulation provides,

> In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, ***the successful party or parties shall be entitled to recover from the unsuccessful party***

---

[1] Krenzin and Zurn attempted to re-litigate these issues in two pending arbitrations before NASD Dispute Resolution, Inc., *UBS v. PaineWebber Inc. v. Randall Krenzin*, NASD-DR Arb. No. 02-07522 and *UBS v. PaineWebber Inc. v. William Zurn*, NASD-DR Arb. No. 02-07863.

| Case No. C-04-03525 MMC | -2- | DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES |
|---|---|---|

*or parties reasonable attorneys' fees and costs*, including expert witness fees incurred in connection with any enforcement actions.

Joint Stipulation ¶ 56 (emphasis added).  As the Court recently recognized, UBS is entitled to attorneys' fees and costs.  Order, 6:26-7:7 ("As UBS has prevailed with respect to the instant motions, *it is entitled, pursuant to the terms of the Settlement, to recover from Krenzin and Zurn the reasonable fees and costs UBS incurred in litigating the instant motions.*") (emphasis added).

UBS's request, for attorneys' fees of $77,866.05 ($56,529.25 incurred by Paul Hastings and $21,336.80 incurred by Schuyler, Roche & Zwirner, P.C.) and $570.80 in costs is reasonable.  The Court has the discretion to decide what constitutes a "reasonable" amount of attorneys' fees in this matter.  *See Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977) ("The 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' ") (quoting *Harrison v. Bloomfield Building Industries, Inc*. 435 F.2d 1192, 1196 (6th Cir. 1970)).  Paul Hastings, Janofsky and Walker, LLP, and Schuyler, Roche & Zwirner, P.C. (collectively "UBS Counsel") represented UBS in these enforcement actions. UBS Counsel calculated their fees by taking the hours worked for each timekeeper and multiplying those hours by the respective average hourly billing rate for each timekeeper, as more fully described in the attached declarations of Molly Harcos and Mike D. Lee.  *See Serrano v. Priest*, 20 Cal. 3d at 49 ("'The starting point of every fee award . . . must be a calculation of the attorney's services in terms of the time he has expended on the case.  Anchoring the analysis to this concept is the only way of approaching the problem that can claim objectivity, a claim which is obviously vital to the prestige of the bar and the courts.'" (quoting *City of Detroit v. Grinnell Corp.* 495 F.2d 448, 470 (2d Cir. 1974)).

### III.  CONCLUSION

UBS incurred thousands of dollars in attorneys' fees to defend itself, in the

arbitrations and litigation Krenzin and Zurn initiated, against claims expressly released in the Joint Stipulation. The Joint Stipulation, and the Court's Order expressly provides for attorneys' fees in connection with such enforcement actions. Accordingly, UBS respectfully requests that the Court grant its motion for attorneys' fees and award UBS its reasonable fees of $77,866.05 and $570.80 in costs.

DATED: June 1, 2007

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/
    Molly Harcos

Attorneys for Defendant
UBS FINANCIAL SERVICES INC.

LEGAL_US_W # 56338291.2

Case No. C-04-03525 MMC     -4-     DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES